David **PIERCE**, Appellant,

v.

**BSC, INC., and Builders' Association Self–Insurers' Fund,**
Respondents.

No. SC 87689.

Supreme Court of Missouri,
En Banc.

Dec. 5, 2006.

---

Jerrold Kenter, Kansas City, for Appellant.

C. Anderson Russell, Kansas City, for Respondents.

RONNIE L. WHITE, Judge.

## I. Introduction

David Pierce appeals a decision of the Labor and Industrial Relations Commission denying his request for a temporary award of medical benefits for treatment of his right shoulder. At issue is whether there was substantial competent evidence to support the Commission's finding that one of Pierce's former employers was not liable for the repetitive use injury he sustained to his right shoulder. The Commission properly applied the last exposure rule. The decision of the Commission is affirmed.

## II. Facts and Procedural History

Mr. Pierce is a union steel worker with nearly 15 years experience. He first injured his right shoulder in a car accident in 1989. His medical records contain several doctors' consultations throughout the 1990s. In 2000, Pierce was diagnosed with degenerative joint disease of the shoulder and advised to avoid repetitive work. BSC, Inc. was Pierce's employer from May to September 2002. He spent about three months working on the construction of a steel floor and roof decking for a furniture store in Kansas City, Kansas, where he installed steel plates measuring 25 feet by 3 feet and weighing 40 to 50 pounds. Then he worked one month on a highway interchange reconstruction project in Kansas City, Missouri, where he used a 10–pound sledgehammer to bolt and secure steel beams, swinging a total of approximately 10,000 times over that month. In subsequent months, Pierce worked at different jobs for different employers, performing lighter tasks such as welding and driving a forklift. In March 2003, Pierce became employed by Ford Motor Company working on an automotive assembly line as a floater, performing a variety of repetitive tasks. Pierce experienced pain in his shoulder about two weeks after starting work at Ford but did not report it then. On August 20, 2003, Pierce filed a workers' compensation claim against BSC for his shoulder injury. Days later, Pierce was assigned to a position on the assembly line that required him to lift and install parts above his head. His shoulder pain intensified, and on September 3 he reported the injury to Ford, who authorized medical treatment.

In connection with his claim, Pierce was examined by two board-certified orthopedic surgeons, Dr. James Stuckmeyer and Dr. Edward Prostic. Dr. Stuckmeyer was familiar with Pierce's job duties at BSC and other employers. He opined that there was "no question" that Pierce's exertions as a steel worker for BSC had aggravated and exacerbated his shoulder condition. Dr. Prostic was not familiar with Pierce's job duties and was therefore "un-

able to attribute any significant amount of his impairment to the employment at BSC Steel." When deposed, Dr. Prostic testified that Pierce's shoulder condition would be easy to aggravate by forceful use of his arm, "especially heavy lifting or overhead activities."

Following an evidentiary hearing, the administrative law judge (ALJ) found that Pierce had been exposed to the hazard of his *repetitive use disease* (i.e., aggravation to shoulder joint arthritis) for more than three months at Ford before he filed his claim against BSC. Therefore, by application of the last exposure rule, Pierce's claim against BSC was denied. The Commission adopted the ALJ's factual findings and affirmed her decision. Pierce sought judicial review, claiming that the occupational hazard to which he was exposed at Ford was not the same as the hazard at BSC. After opinion by the court of appeals, this Court granted transfer.[1]

### III. Jurisdiction and Standard of Review

This Court has jurisdiction under article V, sections 10 and 18, of the Missouri Constitution.[2] The Court will defer to the Commission's findings of fact.[3] Questions of law are reviewed *de novo.*[4] The Court will review the Commission's award to determine whether it is supported by competent and substantial evidence.[5]

### IV. Applicable Law

Pierce's claim requires analysis of the last exposure rule of the workers com-

pensation act. At the time of Pierce's claim, section 287.063 stated:

> An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion, as is set forth in subsection 7 of section 287.067.
>
> The employer liable for the compensation in this section shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease prior to evidence of disability, regardless of the length of time of such last exposure.

This Court previously has explained that the last exposure rule is not a rule of causation. Rather, as the starting point, the last employer before the date of claim is liable if that employer exposed the employee to the hazard of the occupational disease.[6] Pierce invokes section 287.067.7, which creates an exception for repetitive motion diseases. At the time of the claim, it provided:

> With regard to occupational disease due to repetitive motion, if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor in causing the injury, the prior

---

1. Mo. Const. art. V, sec. 10.

2. Statutory references are to RSMo 2000 unless otherwise indicated.

3. Section 287.495.1.

4. *Endicott v. Display Technologies, Inc.,* 77 S.W.3d 612 (Mo. banc 2002).

5. Mo. Const. art. V, sec. 18; section 287.495.1.

6. *Endicott,* citing *Johnson v. Denton,* 911 S.W.2d 286, 288 (Mo. banc 1995), and *Maxon v. Leggett & Platt,* 9 S.W.3d 725, 730 (Mo.App. 2000).

employer shall be liable for such occupational disease.

As noted in *Endicott*, this provision shifts liability to a prior employer *only* if the employee's exposure at a later employer is less than three months *and* exposure with a prior employer was the substantial contributing factor to the injury.[7]

## V. Discussion

The exception to the last exposure rule is usually invoked by downstream employers seeking to deny benefits to a new employee with a pre-existing condition and shift liability back upstream to a prior employer. Here, Pierce interpreted the statute as an instruction to bypass the ordinary procedure of filing the claim against his then-current employer and instead file his claim against BSC. Pierce contends that Ford did not expose him to the hazard of the occupational disease that caused his injury because his repetitive activities at Ford were different and less strenuous than those he performed at BSC. Pierce identifies swinging a sledgehammer as the specific "hazard of the occupational disease" referenced in section 287.063 and as the "substantial contributing factor" referenced in section 287.067.7.

It is undisputed that Pierce had been performing repetitive work using his upper extremities throughout his tenure at Ford. At the administrative hearing, Pierce described his various assignments and testified that he did not experience shoulder pain until he began overhead work around September 3. However, records of a medical consultation that Pierce received at Ford indicate that he reported having pain "about 2 weeks after starting the repetitious work." The ALJ weighed the evidence and concluded that Pierce was exposed to the hazard of his occupational disease for more than three months at Ford.

The ALJ properly noted that grading the level of activity is not a factor once the employee has been exposed to repetitive activity for three months. The relevant statutes along with this Court's holding in *Endicott* create a bright line rule of convenience intended to eliminate the need to distinguish between sledgehammers and screws. Pierce's medical records document his shoulder pain during several months of employment at Ford before he filed the present claim. The last exposure rule of section 287.063 requires only that the employee be exposed to the "hazard of the occupational disease." It does not require that the hazard to which he was exposed be the "substantial contributing factor" to the injury. In other words, as to Ford, the most recent employer, Pierce need only show that he was exposed to the same type of hazard.

## VI. Conclusion

The record contained sufficient evidence that Pierce engaged in repetitive work using his upper extremities for more than three months at Ford. As such, the exception to the last exposure rule is inapplicable. The Commission's decision holding BSC not liable is affirmed.

All concur.

---

7. *Id.* at 615.