**Kenneth TILLEY, Respondent,**

v.

**USF HOLLAND INCORPORATED, Appellant,**

**and**

**Treasurer Of Missouri as Custodian of The Second Injury Fund, Respondent.**

No. ED 94431.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 21, 2010.

Application for Transfer to Supreme Court Denied Oct. 26, 2010.

Application for Transfer Denied Dec. 21, 2010.

Stephen A. McManus, St. Louis, MO, for Appellant.

M. Mercedes Fort, Frank A. Rodman, Cape Girardeau, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

USF Holland Incorporated ("Employer") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") affirming the award of the Administrative Law Judge ("the ALJ") finding Kenneth Tilley ("Claimant") was entitled to permanent total disability benefits, temporary total disability benefits, and future medical costs, and Claimant's wife was entitled to a continuation of Claimant's permanent total disability benefits under *Schoemehl v. Treasurer of State,* 217 S.W.3d 900 (Mo. banc 2007). We affirm.

Claimant worked for Employer as driver from 1997 until June 6, 2003, the date of his work injury. At the time of the work injury, Claimant was fifty-eight years old and was married to Linda Tilley ("Wife"), his wife of twenty-eight years. On the day of the work injury, Claimant was unloading canvas rolls from his truck and felt a pop in his low back and left hip area.

After experiencing extreme low back and left leg pain, Claimant went to the emergency room where he was given an injection. The pain became worse and Claimant was sent to the company doctor, Dr. James Critchlow. Eventually, Claimant had an MRI and was referred to Dr. Charles Cheung ("Dr. Cheung") for immediate surgery. Dr. Cheung performed an L5–S1 diskectomy on Claimant on June 24, 2003. Claimant went to physical therapy following the surgery but was still in a lot of pain and had numbness in his lower left leg. Claimant was released by Dr. Cheung on October 17, 2003 with a permanent weight restriction of seventy pounds.

Because he was still experiencing worsening pain and numbness in his left leg, Claimant saw Dr. Kee Park ("Dr. Park"). Dr. Park informed Claimant he needed a second surgery to redo the last surgery and that he needed a fusion at L4–S1. On March 28, 2005, Dr. Park performed the second surgery. Following physical therapy, Dr. Park released Claimant on September 22, 2005.

Thereafter, Claimant filed a claim for workers' compensation benefits on November 6, 2003. At the hearing in front of the ALJ, Claimant testified he still has pain and numbness in his left leg. Claimant stated he takes daily doses of Hydrocodone and Neurontin for pain, which he said does not do much to help the pain. Claimant testified he is unable to sit or stand comfortably for much more than thirty minutes and unable to walk more than 200 feet without needing to stop. He stated he is unable to squat or bend to pick something up, and has trouble lifting anything over ten pounds. Claimant also has difficulty walking on uneven surfaces. Claimant stated he has trouble performing the simplest tasks and can no longer fish or hunt. Wife also testified regarding Claim-

ant's limited physical abilities due to his work injury.

Claimant offered the testimony of Dr. Raymond Cohen ("Dr. Cohen") who examined Claimant on April 20, 2004. Dr. Cohen gave Claimant restrictions including no work that involves any repetitive bending, squatting, kneeling, or stooping, no lifting over ten pounds, and no prolonged sitting or walking, no ladder work, climbing, or walking on uneven surfaces. Dr. Cohen opined Claimant was permanently and totally disabled at that time. Dr. Cohen examined Claimant a second time in March of 2006. Dr. Cohen again stated it was his "medical opinion that within a reasonable degree of medical certainty, [Claimant] is permanently and totally disabled and not capable of gainful employment."

Claimant also offered the testimony of vocational and rehabilitation counsel, Susan Shea ("Shea"). Shea first evaluated Claimant in August of 2004. Shea also evaluated Claimant following his second surgery. Shea concluded Claimant was not employable in the open labor market.

Employer did not offer medical testimony. Employer did, however, offer the testimony of James England ("England"), a rehabilitation counselor. England testified that after reviewing Claimant's medical records, he believed Claimant could potentially qualify for a variety of entry-level jobs such as security positions, cashiering, light assembly work, packing jobs, or a cab driver.

On May 22, 2009, the ALJ, after finding the testimony of Claimant, Dr. Cohen, and Shea to be credible, concluded Claimant was permanently and totally disabled. The ALJ also found Claimant was entitled to temporary total disability benefits and future medical costs, and Claimant's wife was entitled to a continuation of Claimant's permanent total disability benefits under

*Schoemehl.* Employer filed an application for review with the Commission. The Commission affirmed the decision of the ALJ. This appeal follows.

When a workers' compensation claim is appealed, we review only questions of law. Section 287.495, RSMo 2000.[1] We can modify, reverse, remand for rehearing, or set aside awards based on factual determinations only on the grounds prescribed by statute; that is, if the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence to support the award. *Id.*

■ In reviewing a decision of the Commission, we examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, that is, whether the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). To determine whether the award is supported by competent and substantial evidence, we examine the evidence in the context of the whole record. *Id.* at 223. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence. *Id.* The Commission is responsible for determining the credibility of witnesses and the acceptance or rejection of testimony cannot be disturbed on review unless it is against the overwhelming weight of the evidence. *Townser v. First Data Corp.*, 215 S.W.3d 237, 242 (Mo.App. E.D.2007).

■ In its first point, Employer asserts the Commission erred in awarding permanent total disability benefits to Claimant "because he was offered potential employment within his restrictions and chose not to accept and because James England's vocational evaluation [was] more credible than Susan Shea's vocational evaluation." We disagree.

■ The term "total disability" means the "inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident." Section 287.020.6. The test for permanent total disability is the worker's ability to compete in the open labor market in that it measures the worker's potential for returning to employment. *Knisley v. Charleswood Corp.*, 211 S.W.3d 629, 635 (Mo.App. E.D.2007). The primary determination is whether an employer can reasonably be expected to hire the employee, given his or her present physical condition, and reasonably expect the employee to successfully perform the work. *Id.*

Claimant testified regarding his extensive physical limitations due to the pain in his lower back and numbness in his left leg due to his work injury. Claimant stated he takes daily doses of Hydrocodone and Neurontin for pain, which he said does not do much to help the pain. Claimant testified he is unable to sit or stand comfortably for much more than thirty minutes and unable to walk more than 200 feet without needing to stop. He stated he is unable to squat or bend to pick something up, and has trouble lifting anything over ten pounds. Claimant also has difficulty walking on uneven surfaces. Claimant stated he has trouble performing the simplest tasks and can no longer fish or hunt. Claimant testified he did not know of any job he could do. The Commission found Claimant to be credible. The Commission stated it found Claimant's "testimony to be credible and accepts his testimony regarding his physical limitations and his state-

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

ment that he is not employable in the open labor market in any capacity."

Dr. Cohen gave Claimant restrictions including no work that involves any repetitive bending, squatting, kneeling, or stooping, no lifting over ten pounds, and no prolonged sitting or walking, no ladder work, climbing, or walking on uneven surfaces. Dr. Cohen stated it was his "medical opinion that within a reasonable degree of medical certainty, [Claimant] is permanently and totally disabled and not capable of gainful employment." Employer offered no medical evidence to the contrary and the Commission found Dr. Cohen to be credible.

Shea also concluded Claimant was not employable in the open labor market. She testified she did not believe Claimant was a candidate for vocational rehabilitation and felt he was unemployable. The Commission found Shea to be credible.

The Commission stated it found "the combined testimony of Dr. Cohen and [ ] Shea to be more credible than the testimony of [ ] England." We defer to the credibility findings of the Commission. *Townser*, 215 S.W.3d at 242. To the extent Employer argues England was more credible than Shea, we will not substitute our judgment on the credibility of the witnesses for that of the Commission.

Further, Employer misconstrues the testimony and its assertions regarding the testimony are flawed. Further, Employer's reliance on *Faubion v. Swift Adhesives Co.*, 869 S.W.2d 839 (Mo.App. W.D. 1994) and *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64 (Mo.App. E.D.1990) is misplaced.

Finally, Employer's contention that Claimant was offered "an opportunity for employment in his present physical condition" and turned it down is also unpersuasive. Employer references a program called "Catalyst" that performs assessments. Employer said this assessment was to see if Claimant "could perform some sort of sedentary work" out of his home that would require a computer and internet connection. Claimant had no recollection of a job offer and vaguely remembered a discussion about the assessment. Claimant does not have a computer or internet access at his home. Claimant does not use the internet and has never operated a computer. There was no evidence of an actual job offer that Claimant turned down and any potential job using a computer would not be reasonable.

The evidence supports the Commission's finding that Claimant was permanently and totally disabled. The Commission did not err in awarding permanent total disability benefits to Claimant. Point denied.

In its second point, Employer argues the Commission erred in awarding temporary total disability benefits from October 18, 2003 to March 27, 2005 because Claimant did not meet his burden of proof where he did not present evidence that a medical doctor told him he could not work. We disagree.

■ The purpose of temporary total disability benefits is to cover the claimant's healing period. *Chatmon v. St. Charles County Ambulance Dist.*, 55 S.W.3d 451, 459 (Mo.App. E.D.2001)(overruled on other grounds by Hampton, 121 S.W.3d at 225). Temporary total disability awards are owed until the claimant can find employment or the condition has reached the point of maximum medical progress. *Id.*

■ Claimant testified that after his first surgery he had continued back pain and numbness in his left leg that never went away after the first surgery and sought further medical treatment from Dr. Park. Claimant testified he was unable to return to work following his release from

Dr. Cheung because of the continued pain in his lower back and numbness in his left leg. The medical records presented showed that when Claimant saw Dr. Park in March of 2005, Dr. Park concluded there had been a failed diskectomy at L4–S1 which explained his continued pain and discomfort. Dr. Park also recommended that a fusion procedure was necessary. Dr. Park's finding supported the conclusion that Claimant's first surgery was unsuccessful and his continued pain and numbness was a resulting consequence.

Employer asserts there was no medical evidence that Claimant was unable to work during this timeframe. However, Dr. Cohen concluded Claimant was permanently and totally disabled in April of 2004. At that time, Dr. Cohen gave Claimant restrictions including no work that involves any repetitive bending, squatting, kneeling, or stooping, no lifting over ten pounds, and no prolonged sitting or walking, no ladder work, climbing, or walking on uneven surfaces. Dr. Cohen further concluded Claimant was not capable of gainful employment.

Furthermore, Shea evaluated Claimant in August of 2004 during the timeframe in question. After considering many factors, not merely a seventy-pound lifting restriction, Shea concluded Claimant would not be "capable of performing work as it is practiced in the open labor Market of the State of Missouri or in the national economy." She also stated that she did "not believe that an employer would consider [Claimant] for hire." Employer mischaracterizes the evidence and our review of the record supports the Commission's award of temporary total disability.

■ Employer also argues Claimant is not entitled to temporary total disability benefits because of his application for unemployment benefits was "an affirmation that he was capable of substantial gainful employment and that he would seek employment." However, the fact that Claimant filed for unemployment is not an admission that he could work but that he was willing to try to work. Claimant testified Employer told him it would not give him any work unless he was "[one hundred percent]." Claimant also testified that his union representative said no one would hire him because he had back surgery. Although the record indicates Claimant was willing to work, there was nothing in the record to show he was capable of working. Employer's assertion that an application for unemployment benefits demonstrates an ability to work fails and its reliance on *Thorsen v. Sachs Elec. Co.,* 52 S.W.3d 611, 622 (Mo.App. W.D.2001)(holding while the claimant's "application for unemployment benefits is a factor to be considered, upon review of the record, we agree with the Commission and find that [the claimant] sufficiently carried his burden of proof that he was unable to work as a result of his injuries and was still working toward attaining maximum medical improvement during the periods for which the Commission awarded TTD.") is misplaced.

In light of Claimant's testimony regarding his continued pain and numbness, the medical records, and the opinion of Dr. Cohen and Shea, Claimant met his burden of proving he was entitled to temporary total disability benefits from October 18, 2003 until March 27, 2005. The Commission did not err in awarding temporary total disability benefits. Point denied.

■ In its third point, Employer contends the Commission erred in finding Claimant's wife was entitled to recover under *Schoemehl* because his award was not pending before the Commission before the change in the law abrogating *Schoemehl.* We disagree.

Under *Schoemehl,* decided on March 20, 2007, the surviving dependent of an injured worker who has been awarded permanent total disability benefits is entitled to the unpaid, unaccrued balance of benefits for the duration of the dependent's life. *Schoemehl,* 217 S.W.3d at 903. The holding has been abrogated by Section 287.230.3, RSMo Cum.Supp.2009, which became effective June 26, 2008 and says, "[i]n applying the provisions of this chapter, it is the intent of the legislature to reject and abrogate the holding in *Schoemehl v. Treasurer of the State of Missouri,* 217 S.W.3d 900 (Mo.2007), and all cases citing, interpreting, applying, or following this case." The amended statute is not retroactive and will only apply to claims initiated after the effective date of the amendment. *Bennett v. Treasurer of State,* 271 S.W.3d 49, 53 (Mo.App. W.D. 2008). Thus, "recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl,* and June 26, 2008, the effective date of [the amendment to Section 287.230.3]." *Id.*

■ Here, Claimant added Wife to his claim on November 1, 2007. Thus, Claimant's claiming was pending between January 9, 2007 and June 26, 2008 and the Commission correctly ruled Claimant's benefits would survive to Wife for her lifetime.[2]

Employer misinterprets *Strait v. Treasurer of Missouri,* 257 S.W.3d 600 (Mo.

banc 2008), to say that *Schoemehl* only applies to cases that were pending before the Commission or pending on appeal. We do not find that limited holding in our reading of *Strait.* In *Strait,* the question before the court was whether the claim was "final—or still pending." *Id.* at 603. Here, the Commission properly found the claim was pending between January 9, 2007 and June 26, 2008.

The Commission did not err in finding Claimant's wife was entitled to recover under *Schoemehl.* Point denied.

In its final point, Employer claims the Commission erred in finding Claimant was entitled to future medical benefits because Claimant did not meet his burden of proof that there was a reasonable probability that he would need future medical care. We disagree.

■ In order to receive future medical benefits, a claimant is not required to present "conclusive evidence" of the need for future medical treatment. *Fitzwater v. Department of Public Safety,* 198 S.W.3d 623, 628 (Mo.App. W.D.2006). Rather, he need only demonstrate a "reasonable probability" that future medical treatment is needed by reason of his work-related injury. *Id.* "Probable" means founded on reason and experience which inclines the mind to believe but leaves room for doubt. *Id.* (citing *Dean v. St. Luke's Hosp.,* 936 S.W.2d 601, 603 (Mo.App. W.D.1997), overruled on other grounds by *Hampton,* 121 S.W.3d at 227).

---

2. At oral argument, Employer raised the issue that *Schoemehl* only applies in cases where the claimant is deceased. Employer did not raise this issue in its point relied on or in the argument section of its brief. Thus, we cannot address this issue. *Joshi v. St. Luke's Episcopal Presbyterian Hosp.,* 142 S.W.3d 862, 867 n. 3 (Mo.App. E.D.2004). Employer also asserted that there must have been an award of benefits in the allotted time period for *Schoemehl* to apply. Employer's assertion is not supported by case law. In fact, the claimant in *Schoemehl* died before there was an award of permanent total disability benefits, and the ALJ allowed the claimant's wife to proceed on the claim for permanent total disability benefits. *Schoemehl,* 217 S.W.3d at 901.

Here, Claimant testified that he is in continued pain and has numbness and takes two types of medication daily to try to ease the pain in his lower back as the result of his work injury. Specifically, Claimant stated he takes one to four Hydrocodone pills per day for pain and Neurontin for nerve damage. Further, Dr. Cohen testified Claimant will be on pain medication for the remainder of his life. The Commission found Dr. Cohen to be credible on the issue of future medical care. Employer did not present any medical evidence to contradict Dr. Cohen's opinion and only argues Dr. Cohen's opinion is not credible. As stated above, we defer to the Commission on issues involving witnesses' credibility and the weight to be given their testimony. *Conrad v. Jack Cooper Transport Co.*, 273 S.W.3d 49, 51 (Mo.App. W.D.2008). We will not substitute our judgment on the weight of the evidence or on the credibility of the witnesses for that of the Commission. We find Claimant met his burden of proof that there was a reasonable probability that he would need future medical care.

The Commission did not err in finding Claimant was entitled to future medical benefits. Point denied.

The decision of the Commission is affirmed.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.