Gary **GERVICH**, Deceased, and Deborah Gervich, Appellant,

v.

**CONDAIRE, INC.**, and Treasurer of Missouri as Custodian of the Second Injury Fund, Respondents.

No. SC 91727.

Supreme Court of Missouri, En Banc.

July 31, 2012.

Richard Grossman, St. Louis, for Appellant.

Carol L. Barnard, Attorney General's Office, and, Kenneth Alexander, Holtcamp, Liese, Schulz & Hilliker, St. Louis, for Respondents.

PATRICIA BRECKENRIDGE, Judge.

Deborah Gervich appeals the decision of the Labor and Industrial Relations Commission denying her workers' compensation benefits as a dependent of her deceased husband, Gary Gervich. The commission found that Gary Gervich's right to permanent total disability benefits terminated at the time of his death because his wife's right to such benefits had not "vested" prior to the 2008 statutory amendments that eliminated dependents from the definition of "employee" in section 287.020.1, RSMo Supp.2007.[1] Contrary to the finding of the commission, the statutes in effect at the time of Mr. Gervich's injury govern. Those statutes provide that the dependents of an injured worker, who was entitled to permanent total disability benefits and who died of causes unrelated to the work injury, are included within the definition of "employee;" therefore, they are entitled to continuing permanent total disability benefits. Additionally, section 287.240(4) states that an employee's dependents are determined "at the time of the injury" and include the spouse of an injured worker. Accordingly, the commission was not authorized by law to deny such benefits to Ms. Gervich. The commission's de-

---

1. Except where indicated otherwise, all statutory references are to RSMo 2000.

cision is reversed, and the cause is remanded.

### Factual and Procedural Background

Mr. Gervich sustained a work-related injury on April 6, 2006, while working as a pipefitter at Condaire, Inc. He filed a claim for workers' compensation on May 15, 2006. In his amended claim, Mr. Gervich asserted that he was permanently and totally disabled. While Mr. Gervich's claim was pending the legislature, in 2008, amended the workers' compensation statutes pertaining to the right of an injured worker's dependent to collect continuing compensation when the injured worker dies of causes unrelated to the work injury.[2]

Mr. Gervich died on April 5, 2009, from causes unrelated to his work injury. Ten days later, Ms. Gervich appeared at a hearing scheduled to determine the final award on her husband's claim against his employer, his employer's insurer, and the second injury fund. At the hearing, Ms. Gervich filed a suggestion of death and a motion for substitution of party, asserting that she was her husband's sole surviving dependent. Her motion was sustained. In addition to pursuing the claim that her husband was permanently totally disabled by his injury, Ms. Gervich amended his claim to assert that, under section 287.020.1, RSMo Supp.2007, when her husband died, she became the "employee" for purposes of compensation. As the "employee," Ms. Gervich claimed a right to continued payment of her husband's permanent total disability benefits.

The administrative law judge found that Mr. Gervich was permanently and totally disabled as a result of an accidental injury arising out of and in the course and scope of his employment and that, on his death on April 5, 2009, Ms. Gervich became the employee by operation of section 287.020.1, RSMo Supp.2007. The administrative law judge further found that, although she became the employee on the date of her husband's death, she was not entitled to continued receipt of her husband's permanent total disability benefits because she did not prove that she, now the employee, was permanently and totally disabled as of that date. On appeal, the commission affirmed the administrative law judge's finding that Mr. Gervich was permanently totally disabled but denied Ms. Gervich's claim to the continued receipt of her husband's permanent total disability benefits on a different legal ground. It found that Ms. Gervich's rights as a dependent did not vest until her husband died on April 5, 2009, which occurred subsequent to the 2008 statutory amendments that eliminated a dependent's right to continuing permanent total disability benefits when the injured worker dies of causes unrelated to the work injury.

On appeal, Ms. Gervich claims that the commission was not authorized by law to deny her claim, as her husband's surviving spouse, to continued receipt of his permanent total disability benefits. She asserts that the commission's "vesting upon death" analysis is erroneous and that the plain language of section 287.240(4) directs that a dependent's rights are defined as of the date of the work-related injury. Ms. Gervich further asserts that applying the 2008 amendment to section 287.020.1 to deny her benefits violates the ban on retrospective laws in the Missouri Constitution. This Court granted transfer after an opin-

**2.** The legislature amended sections 287.020, 287.200, and 287.230. H.B. 1883, 94th Gen. Assem., 2nd Reg. Sess. (Mo.2008). H.B. 1883 included an emergency clause, as authorized by Mo. Const. art. III, sec. 29, that provided the amendments take effect upon passage and approval. The amendments became effective June 26, 2008.

ion by the court of appeals and has jurisdiction of the appeal. Mo. Const. art. V, sec. 10.

## Standard of Review

This Court must affirm the commission's decision unless it is not authorized by law or supported by competent and substantial evidence on the whole record. Mo. Const. art. V, sec. 18. Section 287.495.1 provides that an appellate court reviews only questions of law and that the commission's decision should be modified, reversed, remanded or set aside only if: (1) the commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Questions of law are reviewed *de novo*. *Pierce v. BSC, Inc.*, 207 S.W.3d 619, 621 (Mo. banc 2006). This Court is not bound by the commission's interpretation and application of the law, and no deference is afforded to the commission's interpretation of the law. *Id.*

## Dependent Status Is Determined at Time of Injury

Ms. Gervich claims that the commission was not authorized by law to deny her claim to benefits when it determined her right to such benefits had not "vested" before the effective date of the 2008 statutory amendments that abrogated *Schoemehl v. Treasurer of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). She contends that, when an injured employee dies of causes unrelated to the work injury, a surviving spouse has the right to collect the injured worker's permanent total disability benefits for the remainder of the spouse's life— as long as the case was pending between January 9, 2007, and June 26, 2008. Because Mr. Gervich's injury occurred April

6, 2006, and his case was pending as of January 9, 2007, Ms. Gervich claims that she is entitled to receive his permanent total disability benefits.

In *Schoemehl*, this Court addressed whether the workers' compensation statutes in effect at that time required that an employee's dependents have the right to continuing permanent total disability benefits. *Id.* at 901. This Court found that the language of the workers' compensation statutes, when reading the relevant statutory sections together, provided that the dependents of an injured employee who died from causes unrelated to the work-related injury had a right to continuing permanent total disability benefits. *Id.* at 903. The Court looked primarily at three statutes, sections 287.020, RSMo Supp. 2007, 287.200, and 287.230. One of the three statutes, section 287.230.2, provided that an injured worker's benefits shall cease when the worker dies from causes unrelated to the work injury "unless there are surviving dependents at the time of death." Section 287.200.1 provided that permanent total disability benefits shall be paid for the "lifetime of the employee." Section 287.020.1, RSMo Supp.2007, defined "employee" and stated that any reference to an injured employee shall include his dependents when the employee is deceased. *See Schoemehl*, 217 S.W.3d at 901–02. This Court held that these statutes provided that the injured employee's dependents receive permanent total disability benefits when the injured employee dies from causes unrelated to the work injury. *Id.* at 901.

In 2008, the legislature amended sections 287.020.1, 287.200, and 287.230, the statutes interpreted by *Schoemehl* to make clear that compensation for a permanent total disability is payable only during the lifetime of the injured employee and is not payable to dependents after the employ-

ee's death when the employee dies from causes unrelated to the work injury.[3] The legislature expressly stated its intent to "reject and abrogate the holding" in *Schoemehl.* Section 287.230.3, RSMo Supp.2011.

Subsequent to the effective date of the 2008 statutory amendments, the dependent children of an injured employee, Rosalyn Strait, sought to receive continuing benefits as recognized by *Schoemehl* after Ms. Strait died of causes unrelated to the injury. *See Strait v. Treasurer of Missouri,* 257 S.W.3d 600 (Mo. banc 2008). In *Strait,* this Court noted that "[t]he law bars the retrospective application of the law to cases that have achieved final resolution" and held that *Schoemehl* is applied prospectively to " 'all actions pending on and prospective to the date on which' the opinion issued." 257 S.W.3d at 602–03. Because Ms. Strait's claim was pending when she died, the Court held that her dependents were entitled to the continuation of permanent total disability benefits after her death. *Id.* Although the 2008 amendments to the statutes were in effect at the time the opinion issued, this Court did not discuss the effect of those amendments and applied the prior versions of the statutes. *Id.* at n. 2.

Consistently, the court of appeals has held that an injured worker and the dependents of deceased injured workers were barred from asserting claims to continuing permanent total disability benefits recognized in *Schoemehl* because final decisions had been rendered in those workers' compensation proceedings. *See Roller v. Steelman,* 297 S.W.3d 128, 134 (Mo.App.

2009); *Cochran v. Travelers Ins. Co.,* 284 S.W.3d 666, 672 (Mo.App.2009); *Lawson v. Treasurer of State of Missouri,* 281 S.W.3d 851, 854 (Mo.App.2009); *Bennett v. Treasurer of State of Missouri,* 271 S.W.3d 49, 53 (Mo.App.2009); *Winberry v. Treasurer of Missouri,* 258 S.W.3d 455, 457 (Mo.App. 2008); *Cox v. Treasurer of State of Missouri,* 258 S.W.3d 835, 838 (Mo.App.2008); *Buescher v. Mo. Highway and Transp. Comm'n,* 254 S.W.3d 105, 109 (Mo.App. 2008). In one case, *Taylor v. Ballard R–II School District,* 274 S.W.3d 629, 634 (Mo.App.2009), a dependent husband was entitled to receive his wife's permanent total disability benefits because his wife's claim was pending when she died from causes unrelated to her injury.

In *Bennett,* the court of appeals noted the 2008 amendments to the relevant statutes and stated that application of the holding in *Schoemehl* "is limited to claims for permanent total disability that were pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl,* and June 26, 2008, the effective date of [the 2008 amendments]." *Bennett,* 271 S.W.3d at 53. This holding in *Bennett* was quoted by the court of appeals in *Tilley v. USF Holland Inc.,* 325 S.W.3d 487, 494 (2010); *Roller,* 297 S.W.3d at 132; *Cochran,* 284 S.W.3d at 672; and *Lawson,* 281 S.W.3d at 854. *Tilley* further stated that the amendment to section 287.230.3, expressly abrogating *Schoemehl,* "is not retroactive and will only apply to claims initiated after the effective date of the amendment." 325 S.W.3d at 494.[4]

---

3. Section 287.200.1, RSMo Supp.2011, modifies the definition of "employee" to exclude the injured worker's dependents, estate, or any other person to whom compensation may be payable as an employee under section 287.020.1, RSMo Supp.2011. Subsection 2 was added to the statute and states that permanent total disability benefits that have not

accrued through the date of the employee's death are not payable to dependents on the death of the injured employee. Section 287.200.2, RSMo Supp.2011.

4. *Schoemehl* interpreted the versions of statutes in effect at the time of the injury that occurred in that case. 217 S.W.3d at 901–02.

Mr. Gervich's claim in this case for continuing permanent total disability benefits accrued on the date of his injury, April 6, 2006, prior to the date of the 2008 amendments to the workers' compensation statutes. His claim was filed May 15, 2006, and his claim was pending on January 9, 2007, the date of the *Schoemehl* opinion. As this Court held in *Strait*, when a claim is "still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies . . . , and the commission must follow it." 257 S.W.3d at 602. Also as required by *Strait*, Mr. Gervich's claim for permanent total disability benefits had not reached final disposition. A factual difference between *Strait* and this case, however, is that Ms. Strait died prior to the effective date of the 2008 amendments while Mr. Gervich died after the effective date. Contrary to the commission's reliance on this fact, however, the Mr. Gervich's death after the legislature amended the relevant statutes in 2008 does not affect the result because the statutes in effect at the time of the injury govern the injured worker's claim.

First, section 287.240(4), which was unchanged by the 2008 amendments, provides that the dependents of an injured employee are not determined at the date of the employee's death but at the time of the employee's injury. Section 287.240(4) provides the definition of "dependent" to be used throughout chapter 287, the workers' compensation law. The plain language in section 287.240(4) states that an employee's dependents are determined "at the time of the injury" and includes as a dependent a spouse of an injured worker. Subdivision 4 reads:

*The word "dependent" as used in this chapter* shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages *at the time of the injury*. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee, and any death benefit shall be payable to them to the exclusion of other total dependents:

(a) A wife upon a husband with whom she lives or who is legally liable for her support, and a husband upon a wife with whom he lives or who is legally liable for his support; provided that on the death or remarriage of a widow or widower, the death benefit shall cease unless there be other total dependents entitled to any death benefits under this chapter. . . .

Section 287.240(4) (emphases added). Accordingly, contrary to the commission's decision in this case, under workers' compensation law, when an injured worker dies, dependent status is determined at the time of the injury, not the time of death.[5] Mr. Gervich's dependents were determined at the time of his injury, and his sole dependent was his wife.

Second, the versions of sections 287.020.2, 287.200.1, and 287.230 in effect at the time of Mr. Gervich's injury are the same as the versions held by *Schoemehl* to include surviving dependents within the definition of "employee" and require that an injured employee's dependents receive permanent total disability benefits when the injured employee dies from causes un-

Its holding would apply to all injuries occurring during the time those versions of the statutes governed, even claims that had not yet been filed at the time of *Schoemehl*.

5. Although section 287.240(4) provides that dependency is established at the time of the injury, the statute further provides that a dependent spouse's entitlement to benefits ceases if the spouse dies or remarries.

related to the work injury. When the legislature amended sections 287.020, 287.200, and 287.230 in 2008, the definition of "employee" was modified to mean only the actual injured worker and to clarify the legislature's intention that permanent total disability benefits do not continue beyond the injured worker's death. Section 287.020.1, RSMo Supp.2011.

The treasurer asserts that these amended statutes preclude Ms. Gervich's claim for continued payment of her husband's permanent total disability compensation. Although the commission was aware that the Missouri Constitution prohibits retrospective application of substantive changes in the law, the commission characterized the 2008 amendments to the relevant statutes as remedial and found the constitutional prohibition was inapplicable.

█ As stated by this Court in *Klotz v. St. Anthony's Medical Center*, however, "[I]t is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued." 311 S.W.3d 752, 760 (Mo. banc 2010). In *Klotz*, the legislature reduced the cap on noneconomic damages after James and Mary Klotz's cause of action for medical malpractice and loss of consortium had accrued. *Id.* at 759. This Court, in finding the amendment reducing the damages unconstitutional as applied to the Klotzes, held that the General Assembly constitutionally may not enact "a statute that purports to decrease the amount of damages a victim of medical malpractice could recover after the cause of action has accrued." *Id.* The constitutional principle that bars reducing a cap on damages after the claim has accrued applies equally to claims for benefits in workers' compensation cases. *See Dalba v. YMCA of Greater St. Louis,* 69 S.W.3d 137, 140 (Mo.App.2002) (statutory amendment referring to employee's entitlement

to temporary total or temporary partial disability benefits that affected employee's rights to certain benefits under certain circumstances was substantive, and, therefore, not retroactively applicable to a claim based on an injury that occurred prior to the amendment). This constitutional principle applies to Mr. Gervich's claim that accrued on the date of his injury.

█ More ·than two years after Mr. Gervich's cause of action for workers' compensation benefits accrued in this case, the legislature reduced the benefits payable due to a claimant's permanent total disability. Consistent with *Klotz,* the General Assembly constitutionally may not enact a statute that purports to decrease the benefit an injured worker could receive after the cause of action has accrued. As a result of a work-related injury that occurred prior to the adoption of H.B. 1883, Ms. Gervich was entitled to continued payment of her husband's permanent total disability benefits for the remainder of her life. Application of the 2008 amendments to Ms. Gervich's claim, therefore, would eliminate a right to a benefit that already has accrued. Contrary to the commission's finding, the statutory amendments implemented in H.B. 1883 materially alter substantive rights and, therefore, cannot be applied retroactively to affect Ms. Gervich's claim to her husband's benefits. *See Tilley,* 325 S.W.3d at 494 (amendments are not retroactive); *Taylor,* 274 S.W.3d at 633 (the 2008 statutory amendments do not apply retroactively but apply only to claims based on injuries occurring after the effective date of the amendments). If substantive amendments to the workers' compensation laws enacted after an employee's injury cannot be applied to the employee, they cannot be applied to the surviving dependent who statutorily has taken his or her place as the employee.

Mr. Gervich's right to compensation and the substantive law applicable to his claim are governed by the statutes in effect at the time of the injury. Under the statutes in effect at the time of his injury, Ms. Gervich, as his spouse, was included as a dependent. The legislature's adoption of H.B. 1883 cannot operate to exclude Ms. Gervich as a dependent in this case or eliminate the right to receive permanent total disability benefits accruing prior to the amendments.

## Conclusion

■ Ms. Gervich had a right to receive continuing permanent total disability payments as a dependent under the statutes in effect on April 6, 2006, the date of her husband's work-related injury. His injury occurred prior to the 2008 statutory amendments changing the definition of "employee." These changes were substantive and may be applied only prospectively. Therefore, the amendments do not apply to Ms. Gervich's claim for benefits. Because Ms. Gervich's status as a dependent was set on the date of her husband's injury, and she fits within the statutory definition of "employee" in effect on the date of the injury, she is entitled to receive continuing permanent total disability benefits as his dependent. The decision of the Labor and Industrial Relations Commission is reversed, and the cause is remanded.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and PRICE, JJ., and MARTIN, Sp.J., concur.

DRAPER, J., not participating.