**Patricia BUESCHER, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

**No. WD 67949.**

Missouri Court of Appeals,
Western District.

March 18, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2008.

Application for Transfer Denied
June 24, 2008.

**106**

Richard Barry, Saint Louis, MO, for appellant.

Susan Sarah Turner Reichert, Jefferson City, MO, for respondent.

Before NEWTON, P., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Patricia Buescher appeals from an administrative order terminating workers' compensation benefits for her husband, Garry Buescher, upon his death. Mrs.

Buescher contends the Labor and Industrial Relations Commission erred in the termination because she was entitled to continuation of the benefits as a surviving dependent of her husband. We find that the Commission lacked jurisdiction to grant the relief sought by Mrs. Buescher and, therefore, we affirm the termination order.

FACTUAL AND PROCEDURAL HISTORY

On October 25, 2000, Garry Buescher was seriously injured while working as a maintenance crew leader for the Missouri Department of Transportation ("Employer"). He filed a workers' compensation claim and, on October 21, 2005, the Labor and Industrial Relations Commission issued a final award granting Mr. Buescher permanent total disability (PTD) benefits "payable for claimant's lifetime." None of the parties appealed the final award.

On September 12, 2006, Mr. Buescher died after sustaining injuries from a fall at his home. The death was unrelated to his compensable work-related injury. Employer notified the Commission of Mr. Buescher's death and stopped paying the PTD benefits on September 13, 2006. The Commission entered an order directing the parties to show cause why the award of PTD benefits should not be terminated. After receiving no response, the Commission entered an order, on January 3, 2007, terminating the award of benefits.

Six days after the termination order, the Missouri Supreme Court issued a decision in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). In this case of first impression, the court ruled that when a claimant has been awarded PTD benefits and subsequently dies of a cause unrelated to the work injury, the claimant's dependents are entitled to receive the awarded benefits for their lifetime. *Id.* at 902. In light of the

*Schoemehl* ruling, Mr. Buescher's widow, Patricia Buescher, filed an appeal of the Commission's order terminating benefits on January 17, 2007.

## STANDARD OF REVIEW

The appellate court has jurisdiction to review "all decisions of the [C]ommission" pursuant to Section 287.495.1 [1]. Our review is limited to questions of law, and we can reverse or modify an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1. When, as in this case, the facts pertinent to the appeal are not in dispute, the issue is a question of law requiring *de novo* review. *Cox v. Tyson Foods, Inc.,* 920 S.W.2d 534, 535 (Mo. banc 1996).

## ANALYSIS

■ In her sole point on appeal, Mrs. Buescher contends the Commission erroneously applied the Workers' Compensation Law in terminating the PTD award upon Mr. Buescher's death. Based on the Missouri Supreme Court's recent interpretation of Section 287.230.2 in *Schoemehl,* Mrs. Buescher argues that she is entitled to continuation of the benefit award for her lifetime, as a surviving dependent of her husband. In response, the Employer asserts that Mrs. Buescher's claim for survivorship benefits is untimely and cannot be heard on appeal because it was not presented within thirty days of the final award granting PTD. The instant case is factually similar to *Schoemehl* but differs procedurally. Fred Schoemehl sustained a work-related injury, for which he was awarded temporary total disability benefits. *Schoemehl,* 217 S.W.3d at 901. One month after his benefits began, Mr. Schoemehl died of a cause unrelated to his work injury. *Id.* His widow and sole surviving dependent, Mrs. Schoemehl, pursued the remaining claim for PTD. *Id.* Following a hearing, an administrative law judge awarded PTD until the date of Mr. Schoemehl's death and denied Mrs. Schoemehl's request that the benefit award be transferred to her for her lifetime. *Id.* The Commission affirmed the ALJ's decision, and Mrs. Schoemehl appealed from the final award. *Id.* On appeal, the Missouri Supreme Court reversed the Commission, finding that Mrs. Schoemehl was entitled to collect her deceased husband's PTD benefits for her lifetime. *Id.* at 903. Interpreting Sections 287.020, 287.200 and 287.230,[2] the court ruled that when an

---

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indicated.

2. These statutes provide in relevant part:
   **Section 287.020. Definitions**—1. The word "employee" as used in this chapter shall be construed to mean every person in the service of any employer ... Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable.
   **Section 287.200. Permanent Total Disability** ...—1. Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made.
   **Section 287.230. Payment of Compensation at death of employee** ... 2. Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid accrued compensation shall be paid, but payments of the unpaid unaccrued balance for the injury shall cease and all liability there-

employee with a permanent total disability dies of a cause unrelated to the compensable work-related injury, the disability benefits shall be paid to the employee's dependents for their lifetime because the surviving dependents are deemed to have the same rights as the employee under the Workers' Compensation Law. *Id.* at 902. When the *Schoemehl* decision was issued on January 9, 2007, it was the first Missouri case to determine the survivorship rights for PTD awards under Section 287.230. *Id.* at 901.

The Employer suggests that *Schoemehl* is not applicable to the instant case due to procedural differences. In *Schoemehl,* the issue of survivorship benefits arose before the Commission rendered a final award. Mrs. Schoemehl's appeal from the Commission's denial of her survivorship claim was proper, in that it was filed within thirty days of the final award, as required by Section 287.495.[3] Here, in contrast, the issue of survivorship benefits was not raised until well after Mr. Buescher's final award was issued in October 2005, and the thirty-day appeal period had expired. The final award expressly stated that Mr. Buescher's PTD benefits were payable only during his lifetime. No survivorship claim was made until fifteen months after the final award, when the Commission terminated Mr. Buescher's award upon his death and Mrs. Buescher subsequently filed this appeal in January 2007. Unlike the situation in *Schoemehl,* Employer contends Mrs. Buescher's survivorship claim

is untimely and cannot be appealed because it was filed more than thirty days after the final award of benefits.

■ This issue of timeliness calls into question the Commission's jurisdiction to determine survivorship benefits after a final award has been issued and the time for appeal has expired. As an administrative tribunal, the Commission is a statutory creation and has only that authority given by legislative enactment. *Falk v. Barry, Inc.,* 158 S.W.3d 327, 329 (Mo.App.2005). Pursuant to Section 287.495, the final award of the Commission is "conclusive and binding" on the parties unless either party appeals the award to the appellate court within thirty days. Once the time for appeal has expired, the Commission has no authority to further delineate, expound upon, or enforce the award.[4] *Falk,* 158 S.W.3d. at 328. In this case, since the final award granted PTD benefits only for Mr. Buescher's lifetime, the Commission could not later consider whether Mrs. Buescher had a right to survivorship benefits or otherwise modify the award.

Mrs. Buescher asserts the Commission exercised "ongoing jurisdiction" over the final award by issuing the termination order and, thus, it had similar authority to determine her claim for continuation of benefits. She cites no caselaw or statutory citation in support of this argument. It is unclear by what authority the Commission issued the termination order, but it appears that such an order was permissible under Section 287.203,[5] which allows for

for shall terminate unless there are surviving dependents at the time of death.

**3.** Section 287.495 provides in relevant part:

The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court.

**4.** The parties are entitled to seek enforcement of a final award only through the courts. *Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 96 (Mo.App.2003). Section 287.500 authorizes the circuit court to enter judgment on a final award as if it were an original judgment of the court. *Id.*

**5.** Section 287.203, RSMo Cum.Supp.2007, provides in relevant part:

review of an employer's unilateral decision to terminate PTD benefits.[6] The scope of Section 287.203 is strictly limited to termination of benefits and does not permit the Commission to amend, extend, or otherwise alter the benefit award. Regardless of whether the Commission had authority to terminate a final award, it did not have jurisdiction to determine whether Mrs. Buescher was entitled to survivorship benefits more than thirty days after the final award was entered.

The point on appeal is denied because the Commission lacked jurisdiction to grant the relief sought by Mrs. Buescher. Our holding in this regard is consistent with two recent Eastern District cases that are currently on transfer to the Missouri Supreme Court: *Cox v. Treasurer of the State of Missouri*, No. ED89751 slip op. (Mo.App. Dec. 4, 2007), and *Winberry v. Treasurer of Missouri*, No. ED89770 slip op. (Mo.App. Dec. 4, 2007). In both cases, the Eastern District affirmed the Commission's ruling that it lacked jurisdiction to determine PTD survivorship benefits after a final award had been entered and the time for appeal had passed.

> Whenever the employer has provided compensation under section 287.170, 287.180 or 287.200, and terminates such compensation, the employer shall notify the employee of such termination and shall advise the employee of the reason for such termination. If the employee disputes the termination of such benefits, the employee may request a hearing before the division and the division shall set the matter for hearing within sixty days of such request and the division shall hear the matter on the date of hearing and no continuances or delays may be granted except upon a showing of good cause or by consent of the parties. The

CONCLUSION

The Commission's order of termination is affirmed.

All concur.

division shall render a decision within thirty days of the date of hearing.

6. The Commission is also permitted to terminate or modify a final award under Section 287.470 if there is a change in the condition of the injured employee. This provision is not applicable in the instant case because the change in the employee's condition must be causally related to his work injury. *Bunker v. Rural Elec. Co-op.*, 46 S.W.3d 641, 646 (Mo. App.2001). Although Mr. Buescher's death might arguably be considered a change in his physical condition for purposes of the statute, his death was unrelated to his compensable injury.