Willie WHITE, Respondent,

v.

**UNIVERSITY OF MISSOURI, KANSAS CITY, Respondent,**

**Treasurer of the State of Missouri— Custodian of the Second Injury Fund, Appellant.**

No. WD 74081.

Missouri Court of Appeals, Western District.

Sept. 4, 2012.

Keith V. Yarwood, Kansas City, MO, for Respondent White.

Brian J. Fowler, Kansas City, MO, for Respondent UMKC.

Kimberley Cox Fournier, Kansas City, MO, for Appellant.

Before DIV III: THOMAS H. NEWTON, P.J., JAMES M. SMART, Jr., and GARY D. WITT, JJ.

JAMES M. SMART, JR., Judge.

The Treasurer, as Custodian of the Second Injury Fund, contends that the Commission erred in awarding Gail White, the spouse of the injured employee, Willie White, permanent total disability benefits. The Treasurer argues that the Commission erred because the injured employee is not dead, and dependent benefits do not vest until the injured employee is dead. We hold that the Commission acted in excess of its power to the extent that it ruled that Gail White will succeed to her husband's benefits because Gail White's claim to dependent benefits is not ripe for review. Therefore, we vacate that part of the ruling of the Commission and remand for correction of the Commission's judgment.

### Statement of Facts

Willie White, Respondent, was injured during the course of his work on June 11, 2007. At the time of his injury, he was, and still is, married to Gail White. They have remained married throughout the hearing of this claim and its appeal.

Mr. White filed a claim for permanent partial disability as a result of the June 2007 injury against his employer and the Second Injury Fund on June 17, 2008. On September 30, 2009, Mr. White amended his disability claim to a claim for permanent *total* disability. A hearing was held on July 12, 2010, and the Administrative Law Judge ("ALJ") entered an award in his favor on September 16th.

The ALJ found Mr. White to be permanently and totally disabled as a result of his 2007 work injury, in combination with his pre-existing disability. The ALJ concluded that the Second Injury Fund was liable for Mr. White's permanent total disability. However, the ALJ denied the claim for benefits for his wife, Gail, asserted under *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). The ALJ's ruling was based on the finding that Mr. White's claim for compensation was not amended to a permanent disability claim until after the *Schoemehl* window for benefits was abrogated by the Missouri General Assembly on June 26, 2008 (the effective date of the 2008 amendments).

The Treasurer appealed the determination of permanent total disability in behalf of the Second Injury Fund, and Mr. White appealed the ruling as to the issue of whether Gail White could qualify for successor benefits under *Schoemehl* despite

the 2008 amendments to the statutes. The Labor and Industrial Relations Commission concluded that the Fund was responsible for Mr. White's permanent total disability. The Commission also ruled that the ALJ misunderstood and misapplied the law concerning *Schoemehl*, and that Mr. White's claim for successor benefits for his wife "qualifies for application of the *Schoemehl* case."

The Second Injury Fund appeals the Commission's finding that Mr. White's claim for his wife to succeed him to benefits qualifies under *Schoemehl*. The Second Injury Fund points out that because the injured employee is not deceased, dependent benefits cannot "vest" until the injured employee is deceased.[1]

### Standard of Review

■ This court must affirm the Commission's decision unless it is not authorized by law or supported by competent and substantial evidence on the whole record. Mo. Const. art. V, sec. 18. Section 287.495.1, RSMo 2000,[2] provides that an appellate court reviews only questions of law and that the Commission's decision should be modified, reversed, remanded, or set aside only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Questions of law are reviewed *de novo*. *Pierce v. BSC, Inc.*, 207 S.W.3d 619, 621

(Mo. banc 2006). This court is not bound by the Commission's interpretation or application of the law, and no deference is afforded to the Commission's interpretation of the law. *Schoemehl*, 217 S.W.3d at 901; *Taylor v. Ballard R–II School Dist.*, 274 S.W.3d 629, 632 (Mo.App.2009).

### Analysis

The Treasurer as Custodian of the Second Injury Fund contends that the Commission erred in awarding Gail White, the spouse of the injured employee, Willie White, permanent total disability benefits under *Schoemehl*, because the injured employee is not dead and dependent benefits do not vest until the injured employee is dead.[3] The Supreme Court of Missouri recently addressed the issue of the timing of the determination of dependent status for the purpose of benefits for permanent total disability to vest under the *Schoemehl* case in *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 618 (Mo. banc 2012). The *Gervich* Court found that for cases filed prior to and pending during the 2008 legislative amendments (which abrogated the effect of *Schoemehl*), dependency status is determined at the time of the injured employee's injury, *not* after that employee's death. *See id.* at 618–19.

In *Gervich*, the Commission denied Deborah Gervich, the wife of Gary Gervich, her workers' compensation benefits as a dependent of her deceased husband. *Id.* at 618. The Commission found that Deborah's right to receive her husband's per-

---

1. There is no appeal of the ruling that Mr. White is permanently and totally disabled.

2. All statutory references are to the Revised Statutes of Missouri (RSMo) 2000, unless stated otherwise.

3. The Fund is no longer challenging whether Mr. White's claim for permanent total disability would be valid under *Schoemehl*. Mr.

White had a claim for partial disability "pending" during the *Schoemehl* window, and, therefore, the Fund concluded that "given the history of case law that suggests that amendments relate back," it would not pursue this argument further. *See Goad v. Treasurer of Missouri*, 372 S.W.3d 1, 10–11 (Mo.App. 2011).

manent total disability benefits had not "vested" prior to the 2008 statutory amendments that eliminated dependents from the definition of "employee" in section 287.020.1, RSMo Supp.2007. *Id.* The *Gervich* Court found that contrary to the Commission's finding, the statutes in effect *at the time of the worker's injury* governed whether his or her dependent was entitled to receive disability benefits, not the statutes on the date of death. *Id.* at 622. Thus, the Court found that *Schoemehl* and that decision's interpretation of three statutes, sections 287.020, 287.200, and 287.230, controlled.

The *Gervich* Court laid out the holding in *Schoemehl* as follows:

[In *Schoemehl,*] [t]his Court found that the language of the workers' compensation statutes, when reading the relevant statutory sections together, provided that dependents of an injured employee who died from causes unrelated to the work-related injury had a right to continuing permanent total disability benefits. [*Schoemehl,* 217 S.W.3d] at 903. The Court looked primarily at three statutes, sections 287.020, RSMo Supp. 2007, 287.200, and 287.230. One of the three statutes, section 287.230.2, provided that an injured worker's benefits shall cease when the worker dies from causes unrelated to the work injury "unless there are surviving dependents at the time of death." Section 287.200.1 provided that permanent total disability benefits shall be paid for the "lifetime of the employee." Section 287.020.1, RSMo Supp.2007, defined "employee" and stated that any reference to an injured employee shall include his dependents when the employee is deceased. *See Schoemehl,* 217 S.W.3d at 901–02. This Court held that these statutes provided that the injured employee's dependents receive permanent total disability benefits when the injured employee dies

from causes unrelated to the work injury. *Id.* at 901.

*Id.* at 620.

The Court went on to analyze the myriad appellate decisions dealing with this issue, and concluded that the fact that "[Gary] Gervich's death [occurred] after the legislature amended the relevant statutes in 2008[did] not affect the result because the statutes in effect at the time of the injury govern the injured worker's claim." *Id.* at 622. The Court held that "under workers' compensation law, when an injured worker dies, dependent status is determined at the time of the injury, not the time of death." *Id.* at 622. The Court pointed out that "[a]lthough section 287.240(4) provides that dependency is established at the time of the injury, the statute further provides that a dependent spouse's entitlement to benefits *ceases* if the spouse dies or remarries." *Id.* at 622 n. 5 (emphasis added). Thus, Deborah Gervich, as Gary Gervich's surviving widow and sole dependent at the time of his injury, was entitled to receive Gary's disability benefits until such time as she dies or remarries.

The Court further stated that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued, and that would be the case in *Gervich* if the Court interpreted the statutory amendments to take away the widow's dependency status. *Id.* at 622–23. The reduction in benefits payable to the widow would occur more than two years after Gary Gervich's cause of action accrued, resulting in the elimination of a right to a benefit that already accrued. *Id.* at 623.

Here, in light of the *Gervich* ruling, it is clear that if Gail White remains married to Mr. White, and survives him, she will be entitled to receive her husband's perma-

nent total disability benefits when he dies from causes unrelated to his work injury. Her right incorporates the two contingencies of 1) remaining married to him, and 2) surviving him.

Unfortunately, the Commission's use of the verb "vest" in *Gervich* and other cases has caused confusion and complicated the dialogue. It must be noted that the Supreme Court in *Gervich* did not adopt the terminology of "vesting" as its own terminology. In each case when the Court used the word, it either placed the word in quotation marks or made clear in context that it was referring to the terminology of the Commission or the Administrative Law Judge. The concept of "vesting" was a handy, though not actually proper, term to use in the administrative stages of the *Gervich* case. In *Gervich*, the disabled employee had passed away, leaving the surviving spouse. Thus, the determination of the timing of the dependency status was the only remaining contested contingency.

The claim asserted in behalf of Gail White here has the *potential* to develop into the payment of dependency benefits. It is the potentiality (as opposed to the actuality) that separates this case from *Gervich*. But this case has in common with *Gervich* the fact that the dependency status is determined as of the date of Mr. White's injury on June 11, 2007, which, as in *Gervich*, was before the effective date of the 2008 amendments to the workers' compensation statutes. Therefore, the rule of *Schoemehl* is *potentially* applicable to the issue of Gail White's eligibility to succeed to the benefit payments.

■ Even though Gail White's dependency status is determined prior to the date of the statutory amendments, her right *to receive* these benefits remains contingent, and cannot be adjudicated at this time. The Commission entered a finding of fact that Gail White and the employee had been married for 35 years and remained married, and then ruled that "the employee's claim qualifies for application of the *Schoemehl* case." This ruling, articulated in this manner, created the impression (whether intended or not) that the Commission had purported to adjudicate the right of Gail White (on the death of her husband) to succeed to the disability payments awarded her husband.

Both parties, indeed, interpret the ruling of the Commission as going beyond the issue of whether the claim for benefits to be payable to Gail White is entirely barred by the June 26, 2008 amendment to the statutes. To the extent that the Commission ruled it was not entirely and necessarily barred because the dependent status is determined as of the date of the injury, the Commission's ruling was entirely correct. To the extent it went further than that, its ruling was not authorized by the terms of the statutes. Mr. White, although stating the view that Gail White's rights have "vested," does concede that if she predeceases her husband, her rights will never be executable. While the concession is commendable, we do not think the two concepts of vesting and contingency can be coherently conjoined. While we doubt that the Commission intended in its relatively vague ruling to go as far as to permanently adjudicate the eligibility of Gail White for successor benefits, we think its language, couched as it was, must be revised.

There is no authority that we have seen, and none is pointed out, for incorporating yet-unfulfilled contingencies into a judgment requiring the payment of money. In both *Schoemehl* and *Gervich*, the injured worker was *deceased* before a determination was made on whether the dependent spouse was entitled to receive the deceased injured worker's disability benefits. There was at stake in those cases an im-

mediate right to receive benefits; there were no remaining contingencies in the nature of conditions precedent. Here, as we have noted, that is not the case; Mr. White is alive. Because Mr. White is still alive, and his wife cannot be substituted as "employee" for him at this stage, she is *not* entitled to receive benefits under *Schoemehl* at this time. To the extent that the Commission purported to rule that Gail White was entitled to benefits under the *Schoemehl* ruling, it exceeded its lawful authority.

There are not only conditions precedent to the dependent's potential receipt of benefits, but also there are conditions subsequent—identical in content to the conditions precedent, except for the timing—that may be determined after the payment of successor benefits has begun. Section 287.240(4) provides that a dependent spouse's presumptive entitlement to benefits *ceases* if the spouse dies or remarries. Successor benefit payments begin promptly at the time of qualification, but they remain subject to revocation upon occurrence of death or remarriage.

In this case, we are concerned only with the conditions *precedent*, because it is only the conditions precedent as to which there is any confusion. At the present time, the contingencies standing between Gail White and qualification for successor benefits include 1) the fact that she could predecease her husband, and 2) the fact that the two could divorce. Her dependency status at the time of the injury is established, and has been appropriately determined as a matter of law, but the adjudication of her claim to entitlement to successor benefits is simply not ripe for review by this court, nor was it ripe for determination by the Commission.[4] Thus, while *Gervich* settled the argument as to the timing of the determination of dependency status, we agree that the Commission was not entitled to adjudicate the issue of entitlement to the extent that it appeared to do.

### Conclusion

As of the present, Gail White has not been denied any legal right, and she has no currently enforceable claim for benefits against the Fund. The claim for her benefits remains contingent. The Commission acted in excess of its powers to the extent that it declared Gail White's future entitlement to Mr. White's disability benefits.

The judgment is vacated to the extent that it purports to adjudicate the determination as to Gail White's entitlement to succeed to the disability benefits payable to Willie White upon his death. The judgment is affirmed in all other respects, and the case is remanded to the Commission for correction of its ruling in accordance with this opinion.

All concur.

---

4. In *Tilley v. USF Holland Inc.*, 325 S.W.3d 487 (Mo.App.2010), the court affirmed the Commission's ruling that the employee-claimant was entitled to permanent total and temporary total disability benefits, and the ruling that the employee-claimant's wife was entitled to continuation of the employee's permanent total disability benefits under *Schoemehl.* Because the issue of the Commission's authority to enter such a ruling in behalf of the wife was not raised in the brief in *Tilley*, but was raised only at oral argument, *id.* at 494 n. 2, the court declined to consider the issue and affirmed the entire judgment. That ruling was similar to what the Commission ruled here. While in both of these cases the dependent would have had no *present* right to benefits, because under the statute the benefits are only successor benefits and cannot be paid simultaneously to both the employee and the dependent, the Treasurer's appeal in this case presents an opportunity to clarify confusion arising from the use of the word "vesting" in this context.