

# In the Missouri Court of Appeals
## Western District

PHILLIP CARTER, Dec.,                    )
                            Appellant,   )
                                         )
v.                                       )     WD77747
                                         )     Consolidated with WD78840
TREASURER OF THE STATE OF                )
MISSOURI - CUSTODIAN OF THE              )
SECOND INJURY FUND,                      )     FILED: October 25, 2016
                            Respondent.  )

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, KAREN KING MITCHELL AND ANTHONY REX GABBERT, JUDGES

Edith Joanne Carter appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing her motion to substitute her as a party for her deceased husband, Phillip Carter,[1] in his workers' compensation case and to order the Second Injury Fund ("Fund") to pay his permanent total disability benefits to her.  Carter contends the Commission erred in concluding that it had no statutory authority to order the continuation of Phillip's benefits to her after his death.  Additionally, she argues that the Commission's decision to deny her

---

[1] To avoid confusion, we will refer to Edith Joanne Carter as "Carter" and Phillip Carter as "Phillip." No familiarity or disrespect is intended.

Phillip's benefits violated her right to due process of law. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Phillip sustained a work-related injury on January 25, 2005. He filed a workers' compensation claim against both his employer and the Fund on November 8, 2006. A hearing was held before an Administrative Law Judge ("ALJ"). On August 18, 2009, the ALJ awarded Phillip permanent total disability benefits from the Fund. The award provided that Phillip was to receive benefits "for as long as [he] remains so disabled." The award contained no factual findings or conclusions regarding any dependents of Phillip. No party filed an application for review of the ALJ's award.

On April 13, 2014, Phillip died of causes unrelated to his work injury. The Fund terminated payment of Phillip's benefits effective upon his death. Carter filed a motion to substitute herself as a party in the workers' compensation case and to reinstate Phillip's permanent total disability benefits to pay them to her.

The Commission dismissed Carter's motion on July 3, 2014. The Commission determined that it lacked the authority to substitute Carter as a party or to order that she be paid Phillip's permanent total disability benefits because Phillip's August 18, 2009 award was final and contained no basis upon which the Commission could grant such relief. Carter appeals.

While this appeal was pending, Carter filed a petition in the circuit court requesting to have Phillip's August 18, 2009 workers' compensation award

2

entered as a judgment pursuant to Section 287.500.[2]  The court entered the award

as a judgment.  Carter then filed a motion asking the court to enforce the judgment

by ordering the Fund to pay Phillip's permanent total disability benefits to her for

her lifetime.  The court granted Carter's motion.  The Fund appealed in *Joanne*

*Carter v. Missouri State Treasurer, as Custodian of the Second Injury Fund*,

WD79437 (Mo. App. Oct. 25, 2016), which was argued on the same day as this

case and is handed down simultaneously.

## STANDARD OF REVIEW

We will not disturb the Commission's decision in a workers' compensation

case unless the Commission acted in excess of its powers, the decision was

procured by fraud, the facts found by the Commission do not support the decision,

or there was not sufficient competent evidence in the record to support the

decision.  § 287.495.1.  We review questions of law *de novo*.  *Gervich v.*

*Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. banc 2012).  Therefore, we are not

bound by and do not defer to the Commission's interpretation or application of the

law.  *Id*.

## ANALYSIS

In Point I, Carter contends the Commission erred in determining it had no

authority to substitute her as a party and to reinstate Phillip's permanent total

disability benefits, naming her the recipient of those benefits.  She argues that

Sections 287.530 and 287.203 provide a basis for the Commission to determine

---

[2] All statutory references are to the Revised Statutes of Missouri 2000.

3

her right to have her deceased husband's benefits continued to be paid to her as his surviving dependent.

In her motion filed with the Commission, Carter sought to have Phillip's benefits reinstated and paid to her as his dependent pursuant to *Schoemehl v. Treasurer of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). In *Schoemehl*, the Supreme Court held that, when an employee with a permanent total disability dies of a cause unrelated to the compensable work-related injury, the disability benefits shall be paid to the employee's dependents for their lifetime because the surviving dependents are deemed to have the same rights as the employee. *Id*. at 902.

In 2008, the legislature specifically rejected and abrogated *Schoemehl* by amending several sections of the Workers' Compensation Law to make clear that permanent total disability benefits are payable only during the injured employee's lifetime and not to his dependents after the employee's death when the employee dies from a cause unrelated to the work injury. *Gervich*, 370 S.W.3d at 620-21.

Despite the legislature's abrogation of *Schoemehl* with its 2008 amendments to Chapter 287, courts have ruled that the holding in *Schoemehl* continues to apply to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Supreme Court issued the *Schoemehl* decision, and June 26, 2008, the effective date of the 2008 amendments. *Id*. at 621; *Strait v. Treasurer of Missouri*, 257 S.W.3d 600, 602 (Mo. banc 2008). For *Schoemehl* to apply to claims that were pending during this window, the claims must not have reached final disposition. *Gervich*, 370 S.W.3d at 622; *Strait*, 257 S.W.3d at 602.

4

Thus, in *Gervich*, 370 S.W.3d at 622, and *Strait*, 257 S.W.3d at 602, the Court found that dependents were entitled to the employees' permanent total disability benefits because the employees' claims were pending during the *Schoemehl* window and no final award had been entered by the Commission. In both of those cases, the employees died before the Commission entered a final award. *Gervich*, 370 S.W.3d at 619; *Strait*, 257 S.W.3d at 601. Because no final award had been entered on the workers' compensation claims, the employees' dependents were able to establish themselves as dependents, be substituted as parties in place of the employees, and assert their rights to the employees' permanent total disability benefits under *Schoemehl* before the awards became final. *Gervich*, 370 S.W.3d at 619; *Strait*, 257 S.W.3d at 601.

Following *Gervich* and *Strait*, this court discussed the extent of the Commission's authority to address claims that fall within the *Schoemehl* window when the employee is still living at the time the final award is entered. In *White v. University of Missouri, Kansas City*, 375 S.W.3d 908, 909-10 (Mo. App. 2012), the employee's claim against the Fund for permanent total disability benefits included a claim for successor benefits for his wife. The Commission found that the employee's spouse was his dependent and that she qualified for benefits under *Schoemehl*. *Id*. at 910. On appeal, we vacated the Commission's decision to the extent that it purported to adjudicate the spouse's future entitlement to successor benefits upon the employee's death. *Id*. at 913.

5

In so holding, we explained that, pursuant to *Gervich*, 370 S.W.3d at 622, an employee's dependents are determined at the time of the employee's injury and not at the time of the employee's death. *White*, 375 S.W.3d at 911. For the spouse of an injured employee to remain a dependent entitled to *Schoemehl* benefits after the employee dies, however, the spouse must not predecease or divorce the employee. *Id.* at 913.[3] Because these contingencies remain unfulfilled until the employee dies, the Commission cannot determine that a dependent is entitled to *Schoemehl* benefits in the final award if the employee is still living. *Id*.

Even though the Commission cannot determine a dependent's entitlement to *Schoemehl* benefits in the final award if the employee is still living, we found that the Commission correctly determined the spouse's dependency status in the final award. *Id*. Specifically, the Commission's final award in *White* included a finding that the spouse had been married to the employee for 35 years. *Id*. at 912. Consequently, we found that the spouse's "dependency status at the time of the injury is established, and has been appropriately determined as a matter of law." *Id*. at 913. Thus, pursuant to *White*, where a claim falls within the *Schoemehl* window and the employee is still living at the time the final award is entered, it is appropriate for the Commission to establish and determine dependency status at the time of the injury as a matter of law in the final award, thereby preserving the

---

[3] Additionally, the employee's cause of death must be unrelated to the work injury. *Schoemehl*, 217 S.W.3d at 902.

6

issue of the dependent's contingent right to *Schoemehl* benefits for future determination. *See id*.

In this case, Phillip's claim was pending during the *Schoemehl* window, as he filed his claim in November 2006 and no final award was issued on the claim until August 18, 2009. The final award on Phillip's claim, however, did not mention that Carter and Phillip were married or that Carter was Phillip's dependent at the time of his injury. Indeed, Carter concedes that "[t]he award contained no factual findings or conclusions regarding anyone's dependency on Phillip Carter."

Once the final award was issued on Phillip's claim, and the 20-day time period to file an application for review under Section 287.480.1 expired without an application having been filed, the Commission lost its authority to make any findings and conclusions regarding Phillip's dependents at the time of his injury. As an administrative tribunal, the Commission is a statutory creation and has only that authority given by legislative enactment. *Buescher v. Mo. Highway & Transp. Comm'n*, 254 S.W.3d 105, 108 (Mo. App. 2008). When the time for filing an appeal or, in this case, an application for review, has expired, "the Commission has no authority to further delineate, expound upon, or enforce the award." *Id*. (footnote omitted). *See also Bennett v. Treasurer of State of Missouri*, 271 S.W.3d 49, 52-53 (Mo. App. 2008). Because the final award did not find that Carter was Phillip's dependent at the time of his injury, the Commission could not later consider whether Carter was entitled to *Schoemehl* benefits. *See Buescher*, 254 S.W.3d at 108. *See also Strait*, 257 S.W.3d at 602 (noting that, if the

7

employee's claim was no longer pending, and her case had been closed, "then *Schoemehl* cannot be applied to allow the substitution of [the employee]'s dependents as beneficiaries of her permanent total disability benefits").

Carter acknowledges that Phillip's workers' compensation award was final. Nevertheless, she argues that, because Chapter 287 provides exceptions to the finality of awards, the Commission has the authority to reopen Phillip's award to determine her dependency status and her right to *Schoemehl* benefits. As we acknowledged in *Nance v. Maxon Elec., Inc.*, 395 S.W.3d 527, 535 (Mo. App. 2012), there are certain statutes in Chapter 287, including Section 287.530, that "establish statutory exceptions to the finality of an award and provide the Commission with the statutory authority to amend or change a final judgment *in limited circumstances*." (Emphasis added.) Section 287.530 "provides that either party to a workers' compensation award may file an application with the Commission to commute the future disability benefits granted in a final award into a lump-sum payment." *Nance*, 395 S.W.3d at 535. No party requested that the Commission commute Phillip's award; therefore, Section 287.530's limited exception to finality is inapplicable to this case.

Likewise, while the other statute Carter cites, Section 287.203, provides that the Commission can review an *employer*'s unilateral decision to terminate permanent total disability benefits, this is not what happened here. As we held in *Bennett*, 271 S.W.3d at 52-53, Section 287.203 does not give the Commission the authority to determine and award *Schoemehl* benefits when there is a final

8

decision on the claim that does not raise the issue. Neither Section 287.530 nor Section 287.203 gave the Commission the authority to reopen the final award in Phillip's workers' compensation award to determine Carter's dependency status and her entitlement to *Schoemehl* benefits. Therefore, the Commission did not err in dismissing Carter's motion to substitute her as a party and to reinstate Phillip's permanent total disability benefits. Point I is denied.

In Point II, Carter contends that her right to due process was violated because there was no procedure available to her to litigate her right to *Schoemehl* benefits. We disagree.

If Carter's dependency at the time of the injury had been established as a matter of law in the final award, it would have preserved the issue of her contingent right to *Schoemehl* benefits for future determination by the Commission. *See, e.g., State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n*, 465 S.W.3d 471, 476 (Mo. banc 2015) (holding that, where a workers' compensation settlement, which was akin to a final award, left the issue of the employee's entitlement to compensation for future medical care indeterminate and "open," the Commission retained the authority to determine the extent of the employer's liability for the "open" claim). Had the issue of Carter's contingent right to *Schoemehl* benefits been preserved, the Commission would have had the statutory authority to further delineate the award under Section 287.470 after Phillip's death due to a "change in condition." If Phillip died of a cause unrelated to his work injury and Carter met the contingencies of remaining married to Phillip until his

9

death and of not predeceasing him, then the Commission could have awarded her benefits under *Schoemehl*.

Thus, a procedure for obtaining *Schoemehl* benefits was available to Carter. As noted in Point I, however, the failure to address her dependency status in Phillip's final award precludes the Commission from now determining her entitlement to *Schoemehl* benefits. Point II is denied.

### CONCLUSION

The Commission's decision dismissing Carter's motion is affirmed.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

10