**ESTATE OF Leonard DUNKIN, Appellant,**

v.

**TREASURER OF the STATE of Missouri—CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

**WD 80035**

Missouri Court of Appeals,
Western District.

Opinion filed: March 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2017

Thomas Stein, for Appellant

Cara Harris, for Respondent

Before Division One: James E. Welsh, Presiding Judge, Anthony Rex Gabbert, Judge and Edward R. Ardini, Jr., Judge

### EDWARD R. ARDINI, JR., JUDGE

Deborah Dunkin ("Deborah")[1] appeals the decision of the Labor and Industrial Relations Commission ("Commission") denying her motion to substitute parties based on a lack of jurisdiction. We find that Deborah's status as a dependent of the injured employee was not established in the underlying final award, thus extinguishing her ability to receive successor benefits following the injured employee's death. The decision of the Commission is affirmed.

### FACTUAL AND PROCEDURAL HISTORY

Leonard Dunkin ("Leonard") was injured on January 15, 2008, and in 2012 was awarded permanent total disability benefits "for as long as Claimant remains so disabled."[2] The final award stated that Leonard had been married for almost forty-two years. After Leonard passed away on July 5, 2015, his surviving spouse, Deborah, filed a motion with the Commission to be substituted as a party in the underlying case under section 287.580[3] for the purpose of being awarded Leonard's permanent total disability benefits as his surviving dependent. The Commission determined that the final award contained no basis on which it could grant such relief

---

1. To avoid confusion, we will refer to the parties by their first names. No familiarity or disrespect is intended.

2. Although the date that Leonard filed his claim is not revealed by the record on appeal, both parties admit in their briefs that his claim was pending during the *Schoemehl* window between January 9, 2007 and June 26, 2008. *See Carter v. Treasurer of Mo.*, 506 S.W.3d 368, 370–71 (Mo. App. W.D. 2016) (citations omitted).

3. All statutory citations are to the Revised Statutes of Missouri 2000, as supplemented.

and dismissed the motion for lack of jurisdiction. This appeal followed.

## STANDARD OF REVIEW

█ We will not disturb the Commission's decision in a workers' compensation case unless the Commission acted in excess of its powers, the decision was procured by fraud, the facts found by the Commission do not support the decision, or there was not sufficient competent evidence in the record to support the decision. § 287.495.1. We review questions of law *de novo*. *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. banc 2012). Therefore, we are not bound by and do not defer to the Commission's interpretation or application of the law. *Id.*

*Carter*, 506 S.W.3d at 370.

## DISCUSSION

Deborah's sole point on appeal is that the Commission erred in dismissing her motion for substitution for lack of jurisdiction. Deborah argues that she had a contingent right to receive Leonard's benefits upon his death in that the final award impliedly found that she was the dependent of her deceased husband at the time of his work injury.

In its order dismissing Deborah's motion, the Commission noted that it is a creature of statute, can only exercise the authority granted by statute, and is without authority to further delineate a final award or expound on its meaning. *See Farmer v. Barlow Truck Lines*, 979 S.W.2d 169, 170 (Mo. banc 1998); *Falk v. Barry, Inc.*, 158 S.W.3d 327, 328–29 (Mo. App. W.D. 2005). The sole relief sought by Deborah, as an alleged surviving dependent of the employee, was the continuation of permanent total disability benefits under *Schoemehl v. Treasurer of Mo.*, 217 S.W.3d 900, 902 (Mo. banc 2007). Because Deborah did not identify any other basis supporting her request to be substituted as a party in interest,[4] the Commission concluded that it had no statutory authority to provide the relief requested by Deborah and dismissed the motion. *See Winberry v. Treasurer of Mo.*, 258 S.W.3d 455, 457 (Mo. App. E.D. 2008); *Falk*, 158 S.W.3d at 329.

---

4. Deborah's motion for substitution was made pursuant to section 287.580 and Rule 52.13(a)(1) based, in part, on the Commission's decision in Robert Edwards, Injury No. 06-024993. In Edwards, the Commission first noted that because the employee's spouse was a "party in interest" and the employee's death constituted a "change in condition[,]" the final award could be reviewed under section 287.470. The Commission then granted the employee's spouse's request for substitution and revived the proceedings pursuant to section 287.580. Section 287.580 states:

> If any party shall die pending any proceedings under this chapter, the same shall not abate, but on notice to the parties may be revived and proceed in favor of the successor to the rights or against the personal representative of the party liable, in like manner as in civil actions.

The Commission reasoned that the ongoing obligation to pay weekly permanent total disability benefits constituted sufficient "proceedings" to trigger section 287.580 in the event of the employee's death for the narrow purpose of applying the substitution provision. The employer appealed. *See Edwards v. Zweifel*, 498 S.W.3d 860 (Mo. App. E.D. 2016). The Eastern District of this court dismissed the appeal for lack of jurisdiction because the granting of the motion was not an appealable order. *Id.* at 862. The Commission then denied the petition for *Schoemehl* benefits because the employee's final award lacked a finding of dependency. An appeal is now pending. *See Edwards v. Treasurer of Mo.*, appeal docketed, ED105061 (Mo. App. E.D. May 9, 2017).

Because we find that Deborah is not entitled to *Schoemehl* benefits, we do not address whether she could in fact be substituted as a party under section 287.580.

Since the Commission issued its Order, this court has clarified when a dependent's contingent right to benefits pursuant to *Schoemehl* is preserved for future review and adjudication by the Commission. *Carter*, 506 S.W.3d at 369. The Missouri Supreme Court held in *Schoemehl* "that, when an employee with a permanent total disability dies of a cause unrelated to the compensable work-related injury, the disability benefits shall be paid to the employee's dependents for their lifetime because the surviving dependents are deemed to have the same rights as the employee." *Carter*, 506 S.W.3d 371 (citing *Schoemehl*, 217 S.W.3d at 902). Although the holding was abrogated by section 287.230 in 2008, *Schoemehl* continues to apply to claims for permanent total disability benefits that were pending between January 9, 2007, and June 26, 2008. *Carter*, 506 S.W.3d at 370–71 (citing *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 621 (Mo. banc 2012); *Strait v. Treasurer of Mo.*, 257 S.W.3d 600, 601 (Mo. banc 2008)). This Court held in *Carter* that so long as the claim was pending during the *Schoemehl* window and the final award established a spouse's dependency status, the "issue of the dependent's contingent right to *Schoemehl* benefits" is preserved "for future determination" because section 287.470 allows an award to be reviewed by a party in interest, *e.g.*, a dependent, due to a change in condition, *e.g.*, the employee's death. *Carter*, 506 S.W.3d at 373 (citing *White v. University of Missouri, Kansas City*, 375 S.W.3d 908, 912–13 (Mo. App. W.D. 2012)).

Deborah argues that, pursuant to *Carter*, she has a contingent right to *Schoemehl* benefits in that the final award impliedly found that she was the dependent of her deceased husband at the time of his work injury. Thus, the issue before this court is whether Deborah's dependency status was established in the final award entered in Leonard's underlying workers compensation case. By way of illustration, in *White*, "[t]he Commission entered a finding of fact that Gail White and the employee had been married for 35 years and remained married, and then ruled that 'the employee's claim qualifies for application of the *Schoemehl* case.' " 375 S.W.3d at 912. Although the court held that the dependent's right to *Schoemehl* benefits was not ripe for adjudication at that time because the employee was still living, the finding that Gail White was married to the employee was sufficient to establish her dependency status for the Commission to retain authority to delineate *Schoemehl* benefits when the issue did become ripe for adjudication. *Id.* at 912–13.

In contrast to the specific finding in *White*, the final award in this case spanned twelve pages and made only a single, ambiguous reference to Leonard's marital status—"[h]e stated that he had been married for almost 42 years." [5] The Commission correctly found that this was not sufficient to establish Deborah's dependency status to preserve her right to later adjudicate *Schoemehl* benefits. First, the statement is not couched in the present tense and thus it is equally plausible based on that single entry that the referenced marriage had previously ended by divorce from or the death of the unnamed spouse at an earlier time. The absence of a temporal context thus does not establish that Leonard was married *at the time of inju-*

5. There is some doubt whether this sentence constitutes a finding by the administrative law judge. The line regarding Leonard's marriage is contained in a section of the final award where the administrative law judge exhaus-tively recites all the testimony and evidence presented in the case. The final award contains no reference to his marital status other than the sentence quoted above.

ry, as required in finding dependency. *See, e.g., Carter*, 506 S.W.3d at 371 ("[A]n employee's dependents are determined at the time of the employee's injury[.]"). In addition, assuming the sentence could be read to express that Leonard was married at the time of injury, it does not establish that he was married *to Deborah* at that time. At best, the final award here tenuously found that Leonard had been married for almost 42 years, but at no point in the final award does it establish that he had been married to Deborah and Deborah's name in fact is never mentioned in the final award.

Despite the lack of evidence in support, Deborah persists in her allegation that her dependency status was "impliedly" established in the final award. Deborah specifically argues that the findings that (1) Leonard had been married for almost 42 years and (2) the work injury was in January 2008 require the conclusion that "the Commission found that [Leonard] was married at the time of his work injury." This proffered factual progression simply does not mandate the desired conclusion—that Leonard was married to Deborah at the time of his injury—and we cannot imply a finding where none exists. This court appreciates that evidence, such as the marriage certificate brought forward after Leonard's death, provides additional clarity to Deborah's status. However, pursuant to our precedent, dependency must be established in the final award for the Commission to retain jurisdiction to later adjudicate *Schoemehl* benefits. *Carter*, 506 S.W.3d at 371–72. The final award here did not establish Deborah's dependency status, and we find the Commission properly concluded it lacked the jurisdiction to address her claim.

Point denied.

## CONCLUSION

Because the final award did not contain a finding of dependency and the Commission thus lacked jurisdiction to grant the relief sought, the decision is affirmed.

All concur.

