Robert EDWARDS (deceased), Employee,

and

Beverly Edwards, Claimant/Appellant,

v.

TREASURER OF the STATE of Missouri as Custodian of the Second Injury Fund, Respondent.

No. ED 105061

Missouri Court of Appeals, Eastern District, DIVISION TWO.

Filed: May 16, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 2017

Motion for Transfer to Supreme Court Denied October 5, 2017

Keith V. Yarwood, 3100 Broadway, Suite 1400, Kansas City, MO 64111, For Claimant/Appellant.

Cara Lee Harris, Suite 1017, 149 Park Central Square, Springfield, MO 65806, For Respondent.

## SHERRI B. SULLIVAN, P. J.

### Introduction

Beverly Edwards (Claimant) appeals from the Labor and Industrial Relations Commission's (Commission) decision denying her Motion for Increase in Benefits (Motion for Increase) seeking successor workers' compensation benefits from the Second Injury Fund (SIF). We affirm.

### Factual and Procedural Background

On March 28, 2006, Robert Edwards (Employee) suffered a compensable work-related injury. On April 22, 2009, an administrative law judge issued an award of permanent total disability benefits from the SIF to Employee. While the award makes several references to "[Employee's] wife," it contains no finding that Claimant was Employee's wife or his dependent. Neither Employee nor the SIF appealed the decision. Employee died on September 22, 2014.[1]

On October 16, 2015, Claimant filed a Suggestion of Death and Motion for Substitution with the Commission, advising the Commission of Employee's death and requesting she be substituted for Employee for purposes of entitlement to receive Employee's permanent total disability benefits from the SIF pursuant to Schoemehl v. Treasurer of the State of Missouri, 217

S.W.3d 900 (Mo. banc 2007). The SIF objected to Claimant's Motion for Substitution. On October 26, 2015, Claimant filed her Suggestions in Opposition to the SIF's Objection to her motion, in which Claimant modified her motion by eliminating her request for the Commission to determine her entitlement to successor benefits, instead seeking only to substitute herself as a party in Employee's workers' compensation case pursuant to Section 287.580.[2] On January 21, 2016, the Commission issued an order granting Claimant's request for substitution and revived the proceedings pursuant to Section 287.580 to continue in favor of Claimant. However, the Commission limited its order to Claimant's substitution, stating, "We make no findings or conclusions with respect to [Claimant's] entitlement (if any) to benefits under the award of April 22, 2009."

On February 5, 2016, Claimant filed her Motion for Increase seeking Schoemehl benefits as an employee entitled to permanent and total disability benefits as a result of Employee's work-related injury and subsequent death due to unrelated causes. Claimant requested the Commission grant a rehearing pursuant to Section 287.470 to determine whether the SIF properly ended benefits upon Employee's death. On February 10, 2016, the SIF appealed the Commission's January 21, 2016 order to this Court. The SIF subsequently requested the Commission hold Claimant's Motion for Increase in abeyance pending the SIF's appeal of the prior order, a request granted by the Commission.

On September 13, 2016, this Court dismissed the SIF's appeal for lack of jurisdiction, finding the January 21, 2016 order was not a final, appealable order because the Commission did not address the merits

---

1. In her Motion for Substitution, Claimant alleged Employee died of causes unrelated to his work injury.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

of Claimant's claim and did not dispose of the entire controversy between the parties. Edwards v. Zweifel, 498 S.W.3d 860, 862 (Mo. App. E.D. 2016).

On November 2, 2016, the Commission issued its order denying Claimant's Motion for Increase finding, pursuant to Carter v. Treasurer of the State of Missouri—Custodian of the Second Injury Fund, 506 S.W.3d 368, 371-72 (Mo. App. W.D. 2016), reh'g and/or transfer denied (Nov. 22, 2016), transfer denied (Jan. 31, 2017), Claimant's contingent right to successor benefits under Schoemehl was extinguished on May 11, 2009, when the April 22, 2009 award became final because the award did not contain a determination that Claimant was Employee's dependent at the time of his injury. This appeal follows.

## Point on Appeal

On appeal, Claimant argues the Commission erred in denying her claim for successor benefits because the denial violated her right to due process under Article I, Section 14 of the Missouri Constitution, in that the decision denied her any procedure by which she could claim her substantive right to successor benefits under the Missouri Workers' Compensation Law once all contingencies necessary to claim those rights were met and she had standing to assert her claim.

## Standard of Review

Pursuant to Section 287.495, on appeal this Court may modify, reverse, remand or set aside the Commission's award if: (1) the Commission acted without or in excess of its powers, (2) the award was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was not sufficient competent evidence in the record to warrant the making of the award.

■ On review, this Court examines the record as a whole to determine if the award is supported by sufficient competent and substantial evidence, or whether the award is contrary to the overwhelming weight of the evidence. Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222-23 (Mo. banc 2003). While we review questions of law de novo, we defer to the Commission on issues of fact. Townser v. First Data Corp., 215 S.W.3d 237, 241 (Mo. App. E.D. 2007).

## Discussion

The issue in this case is whether Claimant can recover benefits under Schoemehl. In Schoemehl, 217 S.W.3d at 900-01, the Missouri Supreme Court held that the right to compensation for the permanent total disability of an injured employee, who dies from causes unrelated to the work injury, survives to the dependents of the injured employee.

■ The Missouri General Assembly abrogated the holding in Schoemehl by amending Section 287.230.3 effective June 26, 2008. Taylor v. Ballard R–II Sch. Dist., 274 S.W.3d 629, 630 (Mo. App. W.D. 2009). While the holding in Schoemehl no longer applies to cases where the amended version of Section 287.230 applies, the amendment is not retroactive. Taylor, 274 S.W.3d at 632-33. Recovery under Schoemehl is limited to situations where the injured employee's case was pending before the Division, the Commission, or an appellate court between January 9, 2007, when the Supreme Court issued Schoemehl, and June 26, 2008, the effective date of the legislation abrogating Schoemehl. Strait v. Treasurer of Missouri, 257 S.W.3d 600, 602-03 (Mo. banc 2008); Bennett v. Treasurer of State of Missouri-Custodian of Second Injury Fund, 271 S.W.3d 49, 52-53 (Mo. App. W.D. 2008). In this case, there is no dispute that Employee's claim was pending during the Schoemehl window.

■ For the spouse of an injured employee to recover Schoemehl benefits, (1)

the spouse must have been a dependent of the employee at the time of the injury, (2) the employee must die from causes unrelated to the work injury, and (3) the spouse must not predecease or be divorced from the employee. Carter, 506 S.W.3d at 371-72. The employee's dependents are determined at the time of the employee's injury and not at the time of death. Id. at 371.

In White v. Univ. of Missouri, Kansas City, 375 S.W.3d 908, 909-910 (Mo. App. W.D. 2012), the employee's claim against the SIF for permanent total disability benefits included a claim for successor benefits for his spouse. The Commission found the employee's spouse was his dependent and that she qualified for Schoemehl benefits. Id. at 910. On appeal, the court vacated the Commission's decision to the extent it purported to adjudicate the spouse's future entitlement to successor benefits because such benefits were contingent upon the fulfillment of certain conditions after the employee's death. Id. at 913. The court concluded the Commission correctly determined the spouse's dependency status in the employee's final award but could not determine a dependent's entitlement to successor benefits while the employee was still living. Id.

In Carter, 506 S.W.3d at 369, the employee's claim was pending during the Schoemehl window; however, the final award contained no factual findings or conclusions regarding any dependents of the employee and the award was not appealed. The Commission dismissed the employee's spouse's motion to substitute herself as a party for employee after employee died from causes unrelated to his work injury. Id. at 370. The Carter court found that once the award became final, the Commission lost its authority to make additional findings or conclusions regarding the employee's dependents at the time of the

injury. Id. at 372. Specifically, the court held:

... Section 287.203 does not give the Commission the authority to determine and award Schoemehl benefits when there is a final decision on the claim that does not raise the issue. Neither Section 287.530 nor Section 287.203 gave the Commission the authority to reopen the final award in [the employee's] workers' compensation award to determine Carter's dependency status and her entitlement to Schoemehl benefits. Therefore, the Commission did not err in dismissing Carter's motion to substitute her as a party and to reinstate [the employee's] permanent total disability benefits.

Id. at 373.

Furthermore, the court rejected the spouse's contention there was no procedure available to her to litigate her right to Schoemehl benefits, or related due process violation, because there was an established procedure for obtaining successor benefits. Id. at 373. Specifically, the issue of a dependent's contingent right to Schoemehl benefits for future determination is preserved if the dependency at the time of the injury is established as a matter of law in the final award. Id. Once the issue is preserved, the Commission has the authority to further delineate the award under Section 287.470 after the employee's death as a "change in condition." Id.

Recently, in Estate of Dunkin v. Treasurer of State–Custodian of Second Injury Fund, WD80035, 516 S.W.3d 863, 2017 WL 965650 (Mo. App. W.D. Mar. 14, 2017), the Western District addressed a case factually indistinguishable from the case sub judice. In Estate of Dunkin, the employee's claim was pending during the Schoemehl window and the final award awarded the employee permanent total disability benefits. Id. at *1. Although the final award indicated the employee "stated he had been married for almost 42 years," the

court found there was insufficient evidence to establish the claimant was the employee's dependent at the time of the injury because there was no evidence *the claimant* had been married to employee at the relevant time. Id. at *2. The court rejected the claimant's assertion her dependency was implicitly established in the award and her attempts to provide additional evidence supporting her claim, finding,

> [P]ursuant to our precedent, dependency must be established in the final award for the Commission to retain jurisdiction to later adjudicate *Schoemehl* benefits. *Carter*, 506 S.W.3d at 371-72. The final award here did not establish [claimant's] dependency status, and we find the Commission properly concluded it lacked the jurisdiction to address her claim.

Id. at *3.

 Claimant acknowledges these cases addressing the procedure for obtaining Schoemehl benefits but maintains due process dictates she receive a hearing and the opportunity to establish her rights to successor benefits under Schoemehl. This argument, however, was specifically rejected in Carter, 506 S.W.3d at 373. Claimant has presented no compelling argument as to why this Court should depart from the precedent addressing the issue. Because the final award in this case did not establish Claimant's dependency status, the Commission was without jurisdiction to address her claim for successor benefits.

### Conclusion

The decision of the Commission is affirmed.

Roy L. Richter, J., and Colleen Dolan, J., concur.