In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

JOHN D. MATTHEWS, ) No. ED109168
 )
 Appellant, ) Appeal from the Labor and
 ) Industrial Relations Commission
vs. )
 )
TREASURER OF MISSOURI AS )
CUSTODIAN OF THE SECOND )
INJURY FUND, )
 )
 Respondent. ) FILED: April 6, 2021

 Lisa Matthews (“Appellant”) appeals from the Missouri Department of Labor and

Industrial Relations Commission’s (the “Commission”) dismissal of her motion to be substituted

as a party in the workers’ compensation case of her late husband, John D. Matthews (“Employee”).

In her motion, Appellant asserted she was Employee’s dependent and was therefore entitled to

receive permanent total disability benefits that had been awarded to him from the Second Injury

Fund (the “Fund”). The Commission dismissed Appellant’s motion for lack of jurisdiction

because the final award in Employee’s case did not establish that Appellant was his dependent at

the time of his work-related injury. We affirm.

 Factual and Procedural Background

 Employee sustained a work-related injury on March 1, 2003. He settled with his employer

and later pursued a claim against the Fund for permanent total disability benefits. On April 27,
2015, following a hearing, the Administrative Law Judge (“ALJ”) awarded Employee permanent

total disability benefits. The Fund appealed to the Commission, which affirmed the award on

January 20, 2016. Although the award referenced Employee’s “wife” and stated that he “has been

married for 31 years,” it did not contain any findings regarding dependents of Employee or the

applicability of benefits pursuant to Schoemehl v. Treasurer of the State of Mo., 217 S.W.3d 900

(Mo. banc 2007). Because no party appealed the January 20, 2016 award of the Commission, it

became final 30 days later on February 19, 2016. See Section 287.495.1

 Pursuant to the award, the Fund paid Employee weekly permanent total disability benefits

until his death on March 11, 2020, which was not related to his injury. Appellant subsequently

filed with the Commission a motion for substitution of parties in which she sought to receive

Employee’s permanent total disability benefits as his surviving dependent pursuant to Schoemehl.

In her motion, Appellant asserted that she was Employee’s spouse at the time of his injury. The

Commission dismissed the motion for lack of jurisdiction, concluding it had no statutory authority

to continue the benefits because the ALJ’s award did not contain a finding that Appellant was

Employee’s dependent on the date of his injury. This appeal follows.

 Standard of Review

 In a workers’ compensation case, we will not disturb the Commission’s decision unless it

acted without or in excess of its powers, the award was procured by fraud, the facts found by the

Commission do not support the award, or there was not sufficient competent evidence in the record

to warrant the making of the award. Section 287.495.1. “On review, this Court examines the

record as a whole to determine if the award is supported by sufficient competent and substantial

evidence, or whether the award is contrary to the overwhelming weight of the evidence.” Edwards

1
 All statutory references are to RSMo (2016).

 2
v. Treasurer of State, 529 S.W.3d 7, 10 (Mo. App. E.D. 2017). “While we review questions of

law de novo, we defer to the Commission on issues of fact.” Id.

 Discussion

 Appellant argues the Commission erred in dismissing her motion for substitution of parties

because she presented evidence that she was Employee’s dependent on the date of his injury, which

entitled her to a continuation of his permanent total disability benefits pursuant to Schoemehl. We

disagree.

 In Schoemehl, the Supreme Court of Missouri held that an employee’s right to permanent

total disability benefits survives to his or her dependents upon the employee’s death from causes

unrelated to the workplace injury. 217 S.W.3d at 901-03. The General Assembly abrogated

Schoemehl by amending Section 287.230 effective June 26, 2008. See Lawrence v. Treasurer of

State – Custodian of Second Injury Fund, 609 S.W.3d 782, 784 (Mo. App. W.D. 2020). “While

the holding in Schoemehl no longer applies to cases where the amended version of Section 287.230

applies, the amendment is not retroactive.” Edwards, 529 S.W.3d at 10. “Recovery under

Schoemehl is limited to situations where the injured employee’s case was pending before the

Division [of Workers’ Compensation], the Commission, or an appellate court between January 9,

2007, when the Supreme Court issued Schoemehl, and June 26, 2008, the effective date of the

legislation abrogating Schoemehl.” Id.

 Here, the parties agree Employee’s claim was pending during the “Schoemehl window.”

See id. In analyzing a claim for Schoemehl benefits, however, we must first consider whether the

issue has been preserved. “[T]he issue of a dependent’s contingent right to Schoemehl benefits for

future determination is preserved if the dependency at the time of the injury is established as a

matter of law in the final award.” Id. at 11. “Once the issue is preserved, the Commission has

 3
the authority to further delineate the award under Section 287.470 after the employee’s death as a

‘change in condition.’” Id. But if the final award does not make findings establishing the

dependents, the Commission does not have the authority to later disturb the finality of the award

by modifying it to make dependency findings that the Commission did not include in the final

award. Lawrence, 609 S.W.3d at 784-85; Carter v. Treasurer of the State of Mo. – Custodian of

the Second Injury Fund, 506 S.W.3d 368, 372 (Mo. App. W.D. 2016).

 The mere mention in the final award that the employee is married is insufficient to establish

dependency at the time of the injury. For example, in Edwards, the court held the final award’s

references to the employee’s “wife” did not constitute a finding that the claimant was his wife or

his dependent at the time of his injury. 529 S.W.3d at 9, 12; see also Lawrence, 609 S.W.3d at

785 (holding that the mere reference to the employee’s “wife” and “daughters” was insufficient to

establish dependency).

 Here, Appellant acknowledges the final award did not identify her by name as Employee’s

dependent. She asserts, however, the final award nevertheless established dependency because it

stated Employee “has been married for 31 years”—a period of time that included the date of his

injury. The court rejected a similar argument in Estate of Dunkin v. Treasurer of State – Custodian

of Second Injury Fund, 516 S.W.3d 863, 866-67 (Mo. App. W.D. 2017), where the court held the

mere mention of the length of time an employee was married was insufficient to support an award

of Schoemehl benefits. In that case, the final award stated the employee “had been married for

almost 42 years” but did not include the spouse’s name or expressly state she was a dependent at

the time of the injury. Id. Appellant attempts to distinguish Dunkin by stressing it involved a final

award that described the marriage in the past tense while the final award at issue here stated that

Employee “has been married for 31 years.” (emphasis added). The Dunkin court, however, held

 4
that even if it assumed the sentence describing the marriage “could be read to express that [the

employee] was married at the time of injury, it [did] not establish that he was married [to the

claimant] at that time” because the final award never mentioned her by name. Id. at 867. Similarly,

here, although the final award included language that Employee was married during a period of

time that included the date of his injury, it did not identify Appellant as his spouse and therefore

did not establish she was his dependent on that date.

 Appellant argues the Commission should have looked beyond the final award to the “whole

record,” which includes deposition testimony that Employee was married to Appellant at the time

of the injury. The court rejected the same argument in Lawrence, where the transcript contained

references to the employee’s wife and daughters, noting that “it is irrelevant that an individual’s

status as a dependent of a claimant could have been established in a Final Award or that such a

finding would have been supported by the evidence adduced at the hearing before the ALJ.” 609

S.W.3d at 785 (emphasis in original). The court stressed that “dependency at the time of the injury

must be ‘established as a matter of law in the final award.’” Id. at 786 (emphasis in original)

(quoting Edwards, 529 S.W.3d at 11).

 Here, because the final award did not establish as a matter of law that Appellant was

Employee’s dependent at the time of his injury, the Commission lacked jurisdiction to grant the

relief sought and properly dismissed her motion to substitute parties. See Dunkin, 516 S.W.3d at

867.

 5
 Conclusion

 For the foregoing reasons, we affirm the decision of the Commission.

 _______________________________
 MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.

 6